PACKARD *v.* BANTON, AS DISTRICT ATTORNEY IN AND FOR THE COUNTY OF NEW YORK, ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 126.   Argued January 2, 1924.—Decided February 18, 1924.

1. The amount in controversy in a suit to enjoin enforcement of a statute alleged to be unconstitutional in relation to the plaintiff's business, is the value of his right to carry on the business free from the restraint of the statute. P. 142.
2. When prevention of criminal prosecutions under an unconstitutional statute is essential to protect property rights, equitable jurisdiction exists to restrain them. P. 143.
3. A New York statute requires persons engaged in the business of carrying passengers for hire in motor vehicles, upon public streets, to file security or insurance for payment of judgments for death, or injury to person or property, caused in the operation or by defective construction of such motor vehicles. *Held:*
(*a*) Not in violation of equal protection of the laws, either because it applies only in cities of the first class, or because it does not apply to persons operating motor vehicles for their own private ends, or because it does not apply to street cars and omnibuses, which are regulated under another law. P. 143.
(*b*) Not so burdensome in this case as to amount to confiscation, in violation of due process of law,—in view of the opportunity allowed to file a corporate or personal bond, if the cost of insurance be excessive compared with the returns from plaintiff's business. P. 145.
(*c*) Inability of a party to comply with the statute without assuming an excessive burden does not render the requirement unconstitutional if due to his peculiar circumstances. *Id.*
4. The regulatory power over an activity carried on by government sufferance or permission is greater than over one engaged in by private right. *Id.*
Affirmed.

APPEAL from a decree of the District Court, which dismissed a bill to enjoin enforcement of a New York statute regulating carriers of passengers for hire by motor vehicle.

*Mr. Avel B. Silverman,* with whom *Mr. Louis J. Vorhaus, Mr. Elijah N. Zoline* and *Mr. Frederick Hemley* were on the briefs, for appellant.

*Mr. Carl Sherman,* Attorney General of the State of New York, with whom *Mr. Edward G. Griffin* and *Mr. Claude T. Dawes,* Deputy Attorneys General, were on the brief, for the Attorney General of New York, appellee.

*Mr. Felix C. Benvenga,* with whom *Mr. John Caldwell Myers* was on the brief, for Banton, District Attorney, appellee.

*Mr. Louis Tyroler,* by leave of Court, filed a brief on behalf of the Allied Taxi Owners Association, as *amicus curiae.*

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

This is a suit to enjoin the enforcement of a statute of New York (Laws, 1922, c. 612, p. 1566) alleged to be in contravention of the equal protection of the laws and due process clauses of the Fourteenth Amendment. The statute requires every person, etc., engaged in the business of carrying passengers for hire in any motor vehicle, except street cars and motor vehicles subject to the Public Service Commission law, upon any public street in a city of the first class, to file with the State Tax Commission, either a personal bond with sureties, a corporate surety bond or a policy of insurance in a solvent and responsible company, in the sum of $2,500, conditioned for the payment of any judgment recovered against such person, etc., for death or injury caused in the operation or [by] the defective construction of such motor vehicle. The bill alleges that the rate of premium for the required policy is fixed by the insurance companies at $960; that the net income from the operation of a motor vehicle is

about $35 a week, which would be reduced by the operation of the law to $16.50 per week, resulting in confiscation of the earnings of appellant for the benefit of the insurance companies. The statute makes it a misdemeanor to operate such motor vehicle without having furnished the required bond or policy; and appellant avers that appellees, as prosecuting officers of the State, have threatened, and, if not enjoined, will proceed to prosecute him, unless he complies with the law. The court below was constituted of three judges, under § 266 of the Judicial Code. ˙Upon the return of the order to show cause a hearing was had, and the court denied a motion for an injunction *pendente lite,* and dismissed the bill for want of equity, without handing down an opinion.

1. Appellees insist that the District Court was without jurisdiction because the matter in controversy does not exceed the value of $3,000. Judicial Code, § 24, subd. 1. The bill discloses that the enforcement of the statute sought to be enjoined will have the effect of materially increasing appellant's expenditures, as well as causing injury to him in other respects. The allegations, in general terms, are that the sum or value in controversy exceeds $3,000, which the affidavits filed in the lower court tend to support; that appellant is the owner of four motor vehicles, the income from which would be reduced, if the law be enforced, to the extent of $18.50 each per week; and that his business would otherwise suffer. The object of the suit is to enjoin the enforcement of the statute, and it is the value of this object thus sought to be gained that determines the amount in dispute. *Mississippi & Missouri R. R. Co.* v. *Ward,* 2 Black, 485; *Texas & Pacific Ry. Co.* v. *Kuteman,* 54 Fed. 547, 552; *Nashville, C. & St. L. Ry. Co.* v. *McConnell,* 82 Fed. 65, 73; *Scott* v. *Donald,* 165 U. S. 107, 114; *City of Hutchinson* v. *Beckham,* 118 Fed. 399, 402; *Evenson* v. *Spaulding,* 150 Fed. 517, 520; *Hunt* v. *New York Cotton Exchange,* 205 U. S. 322, 336.

Counter affidavits were filed, tending to show that the expenses incident to compliance with the statute would be less than alleged; but it sufficiently appears that the value of the right of appellant to carry on his business, freed from the restraint of the statute, exceeds the jurisdictional amount.

2. Another preliminary contention is that the bill cannot be sustained because there is a plain, adequate and complete remedy at law; that is, that the question may be tried and determined as fully in a criminal prosecution under the statute as in a suit in equity. The general rule undoubtedly is that a court of equity is without jurisdiction to restrain criminal proceedings unless they are instituted by a party to a suit already pending before it to try the same right that is in issue there. *In re Sawyer,* 124 U. S. 200, 209–211; *Davis & Farnum Manufacturing Co.* v. *Los Angeles,* 189 U. S. 207, 217.

But it is settled that "a distinction obtains, and equitable jurisdiction exists to restrain criminal prosecutions under unconstitutional enactments, when the prevention of such prosecutions is essential to the safeguarding of rights of property." *Truax* v. *Raich,* 239 U. S. 33, 37–38. The question has so recently been considered that we need do no more than cite *Terrace* v. *Thompson,* 263 U. S. 197, where the cases are collected; and state our conclusion that the present suit falls within the exception and not the general rule. *Huston* v. *Des Moines,* 176 Ia. 455, 464; *Dobbins* v. *Los Angeles,* 195 U. S. 223.

3. We come, then, to the question whether the statute assailed contravenes the provisions of the Fourteenth Amendment. That the selection of cities of the first class for the application of the regulations and the exclusion of all others, is not an unreasonable and arbitrary classification does not admit of controversy. *Hayes* v. *Missouri,* 120 U. S. 68. We cannot say that there are not reasons applicable to the streets of large cities—such as

their use by a great number of persons or the density and continuity of traffic—justifying measures to safeguard the public from dangers incident to the operation of motor vehicles which do not obtain in the case of the smaller communities.

The contention most pressed is that the act unreasonably and arbitrarily discriminates against those engaged in operating motor vehicles for hire in favor of persons operating such vehicles for their private ends, and in favor of street cars and motor omnibuses. If the State determines that the use of streets for private purposes in the usual and ordinary manner shall be preferred over their use by common carriers for hire, there is nothing in the Fourteenth Amendment to prevent. The streets belong to the public and are primarily for the use of the public in the ordinary way. Their use for the purposes of gain is special and extraordinary and, generally at least, may be prohibited or conditioned as the legislature deems proper. Neither is there substance in the complaint that street cars and omnibuses are not included in the requirements of the statute. The reason, appearing in the statute itself, for excluding them is that they are regulated by the Public Service Commission laws, and this circumstance, if there were nothing more, would preclude us from saying that their non-inclusion renders the classification so arbitrary as to cause it to be obnoxious to the equal protection clause. Decisions sustaining the validity of legislation like that here involved are numerous and substantially uniform. Among them, we cite the following: *Nolen* v. *Riechman,* 225 Fed. 812, 818; *Schoenfeld* v. *Seattle,* 265 Fed. 726, 730; *Lane* v. *Whitaker,* 275 Fed. 476, 480; *Huston* v. *Des Moines,* 176 Ia. 455, 468; *Memphis* v. *State,* 133 Tenn. 83, 89; *Ex parte Dickey,* 76 W. Va. 576, 578; *Melconian* v. *Grand Rapids,* 218 Mich. 397, 403; *State* v. *Seattle Taxicab & Transfer Co.,* 90 Wash. 416, 423; *Donella* v. *Enright,*

195 N. Y. S. 217; *People* v. *Martin,* 203 App. Div. 423, where the statute now under review was sustained against the attacks here made as to its constitutionality. And see *Fifth Avenue Coach Co.* v. *New York City,* 221 U. S. 467; *Pacific Express Co.* v. *Seibert,* 142 U. S. 339, 353.

It is asserted that the requirements of the statute are so burdensome as to amount to confiscation and, therefore, to result in depriving appellant of his property without due process of law. The allegation is that the rate of premium fixed by insurance companies operating in New York amounts to about $18.50 per week for each taxicab while the net income from each is about $35 per week. The operator, under the statute, however, is not confined to this method of security, but instead may file either a personal bond with two approved sureties or a corporate surety bond. Appellant says that he cannot procure a personal bond, but it does not appear that he might not procure the corporate surety bond at a less cost. Affidavits filed below on behalf of appellees tend to show that insurance policies in mutual casualty companies may be secured for $540 a year; and that operators of upwards of a thousand cars have furnished personal bonds. The fact that, because of circumstances peculiar to him, appellant may be unable to comply with the requirement as to security without assuming a burden greater than that generally borne, or excessive in itself, does not militate against the constitutionality of the statute. Moreover, a distinction must be observed between the regulation of an activity which may be engaged in as a matter of right and one carried on by government sufferance or permission. In the latter case the power to exclude altogether generally includes the lesser power to condition and may justify a degree of regulation not admissible in the former. See *Davis* v. *Massachusetts,* 167 U. S. 43.

*Affirmed.*