LLOYD L. WELCH, Plaintiff, *v.* CHARLES A. HARNETT, Commissioner of Motor Vehicles and Another, Defendants.

Supreme Court, Monroe County, May 3, 1926.

Motor vehicles — indemnity bond — Highway Law, § 282-b, requiring all persons engaged in business of renting motor vehicles to be operated on highways to file indemnity bond conditioned for payment of any judgment, is constitutional — said requirement is not discriminatory — Motor Vehicle Commissioner entitled to seize license plates of person leasing automobiles on cancellation of indemnity bond — injunction denied.

Section 282-b of the Highway Law (added by Laws of 1922, chap. 612, as amd. by Laws of 1924, chaps. 360, 413, and Laws of 1925, chap. 315), which requires all persons engaged in the business of carrying or transporting passengers for hire in any motor vehicle to file with the Motor Vehicle Commissioner an indemnity bond conditioned for the payment of any judgment recovered against such person for death or injury to persons or property by reason of the operation and maintenance or use of such motor vehicle and making all persons engaged in the renting or leasing of motor vehicles to be operated upon the public highways subject to said statute, is constitutional and valid.

Accordingly, plaintiff, engaged in the business of leasing automobiles to be operated by those renting them, is not entitled to a temporary injunction restraining the Motor Vehicle Commissioner from seizing or interfering with the license plates and certificates of registration issued for plaintiff's automobiles, where it appears that the Motor Vehicle Commissioner seized the license plates attached to plaintiff's automobiles, upon the cancellation of the indemnity bond secured by said plaintiff at the time of the issuance of the plates and the certificates of registration, pursuant to section 282-b of the Highway Law.

Section 282-b of the Highway Law is not discriminatory by reason of the fact that section 282-e of the same statute exempts the vendor under a contract

of conditional sale from the provisions of the statute by the declaration that he is not an owner, since for all practical purposes a person in possession of an automobile under a contract of conditional sale is the owner thereof, and the action of the Legislature in so classifying him cannot be said to be arbitrary or discriminatory.

MOTION by the plaintiff for a temporary injunction restraining the defendants from seizing or interfering with license plates and certificates of registration issued for certain automobiles owned by the plaintiff. Counter-motion by the defendants for judgment on the pleadings.

*James S. Bryan*, for the plaintiff.

*Albert Ottinger, Attorney-General [John H. Machan, Deputy Attorney-General, of counsel], for the defendants.*

CUNNINGHAM, J. The plaintiff is engaged in the business of leasing automobiles to be operated by those renting them and is the owner of fifteen automobiles which he uses for that purpose. Certificates of registration and license plates for such automobiles were issued in the year 1926. At the time of issuance thereof the plaintiff filed an indemnity bond in accordance with the provisions of section 282-b of the Highway Law (added by Laws of 1922, chap. 612, as amd. by Laws of 1924, chaps. 360, 413, and Laws of 1925, chap. 315). This indemnity bond was later canceled and thereafter the Commissioner of Motor Vehicles seized the license plates previously secured. The plaintiff now seeks to require the return of such license plates and to restrain the defendants from seizing or interfering with them, claiming that the statute under which they acted is unconstitutional.

Subdivision 1 of section 282-b of the Highway Law (as amd. by Laws of 1925, chap. 315) requires all persons "engaged in the business of carrying or transporting passengers for hire in any motor vehicle," with some exceptions not important here, to file with the Commissioner of Motor Vehicles an indemnity bond "conditioned for the payment of any judgment recovered against such person * * * for death or for injury to persons or property caused in the operation, maintenance, use or the defective construction of such motor vehicle."

Subdivision 4 of said section (as amd. by Laws of 1924, chap. 413), which is applicable to plaintiff, provides that "a person * * * engaged in the business of renting or leasing motor vehicles to be operated upon the public highways shall be subject to the provisions of this section."

This section, in so far as it requires bonds to be filed by persons carrying passengers for hire in motor vehicles, has been held to be

constitutional. (*People* v. *Martin,* 203 App. Div. 423; affd., 235 N. Y. 550; *Packard* v. *Banton,* 264 U. S. 140.)

A person engaged in the business of leasing automobiles has such vehicles registered in his name. If the automobile so used were involved in an accident it might be difficult or impossible to determine who was operating the car at that time. The records kept by the lessor might not be complete and might not show to whom the car was leased, or the lessee might have given a fictitious name.

I believe that the owner of an automobile who leases it to an incompetent driver or an irresponsible person should be required to indemnify those who are injured as a result of the negligence of the operator of such vehicle. This statute will tend to prevent men engaged in such business from renting automobiles to those who are immature or imprudent, unskillful or inexperienced in the operation of such vehicles and they will be likely to use care to see that their automobiles are operated by fit and prudent drivers. Certainly if it is reasonable and proper for the Legislature to require owners of taxicabs to file indemnity bonds, such provision may also be applied to those owning automobiles which are leased to be operated by the lessees. In both cases the cars are driven by others than the owners, both are using the public streets for private gain. The use of the streets " for the purposes of gain is special and extraordinary and, generally at least, may be prohibited or conditioned as the Legislature deems proper." (*Packard* v. *Banton,* 264 U. S. 140, 144.)

The main contention of the plaintiff is that section 282-b is discriminatory because section 282-e (added by Laws of 1924, chap. 534, as amd. by Laws of 1925, chap. 167) provides that the vendor, under a contract of conditional sale, is not an owner " within the provisions of this *section.*" The method of numbering sections adopted by the Legislature has evidently led to the supposition that section 282-b and section 282-e are subdivisions of the same section. A glance at the Session Laws will show the fallacy of this conception. Section 282-b was added to the Highway Law by chapter 612 of the Laws of 1922, the act reciting that the law " is hereby amended by inserting therein a *new section,* to be section two hundred and eighty-two-b." Section 282-e was added to the Highway Law by chapter 534 of the Laws of 1924, the act stating that the law " is hereby amended by adding a *new section,* to be section two hundred and eighty-two-e." Section 282-e was amended by chapter 167 of the Laws of 1925 by the addition of the provision that the vendee under a contract of conditional sale should be deemed the owner. So it is clear that section 282-b and section

282-e are separate sections and that when in section 282-e it is provided that the vendee and not the vendor, under a contract of conditional sale, shall be deemed an owner " within the provisions of this section," the word " section " refers only to section 282-e and does not limit or modify the provisions of section 282-b.

However, the modifying clause contained in section 282-e is valid whether it applies to only one or both of the sections. It is within the power of the Legislature to declare that the vendee, under a contract of conditional sale of an automobile shall be deemed the owner thereof. The buyer, under such a contract, has " the right when not in default, to retain possession of the goods." (Pers. Prop. Law, § 62, as added by Laws of 1922, chap. 642, known as the Uniform Conditional Sales Act.)

The vendee, under a contract of conditional sale, is the equitable owner of the articles specified in the contract. (*Friedman* v. *Phillips*, 84 App. Div. 179; *Carthage T. P. Mills* v. *Village of Carthage*, 200 N. Y. 1, 9.)

The person in possession of an automobile under a contract of conditional sale is for all practical purposes the owner thereof and the action of the Legislature in so classifying him is not arbitrary or discriminatory.

The Highway Law authorizes the Commissioner of Motor Vehicles to seize license plates issued to a person leasing automobiles, in case the indemnity bonds filed by him shall have been canceled. (§ 282-b, subd. 1.) The acts of the defendants were performed in accordance with the provisions of a statute which is constitutional and valid and consequently such acts were lawfully done.

The motion of the plaintiff is denied and the complaint is dismissed, with costs.