## HODGE DRIVE-IT-YOURSELF CO. ET AL. *v.* CIN-CINNATI ET AL.

No. 63.   Argued November 30, 1931.—Decided January 4, 1932.

*Mr. Julius R. Samuels* for appellants.

*Messrs. John D. Ellis,* City Solicitor of Cincinnati, and *Jacob Hauptman,* Assistant Solicitor, were on the brief for appellees.

MR. JUSTICE BUTLER delivered the opinion of the Court.

The appellants sued the city, its mayor and other officers in the court of common pleas of Hamilton county to enjoin the enforcement of ordinance No. 50–1929 on the ground of repugnancy to the due process and equal protection clauses of the Fourteenth Amendment. After a trial at which evidence was taken, that court found the provisions invalid and granted permanent injunction. The court of appeals tried the case *de novo* and sustained the ordinance; its judgment was affirmed in the highest court of the State.   123 Ohio St. 284; 175 N. E. 196.

The ordinance[1] classifies "driverless automobiles for hire" as public vehicles, imposes license fees for their use upon the streets and requires persons engaged in the business of leasing such automobiles to deposit with the city treasurer insurance policies or bonds in specified sums for the protection of persons injured or whose property may be damaged as a result of lessees' negligent operation, maintenance or use of such vehicles.

Each appellant owns automobiles and is carrying on the business of leasing them, for compensation based on mileage, to be driven by the lessees on the city streets and elsewhere. Many insurance companies which formerly carried the risks specified in the ordinance decline to issue such policies; but some are offering rates, at the option of the insured, of $232.50 per vehicle per year or ten per cent. of the gross earnings, which on the average amount to approximately $1,800 per year.

Appellants maintain that the measure constitutes an unreasonable interference with a purely private business and is not one for the regulation of the use of streets; that it attempts to convert appellants into public utilities and impose upon them liability without fault, and that it is discriminatory and oppressive.

---

[1] "Sec. 65–1 b. The term 'public vehicles' shall apply to all vehicles furnishing individual service as a business in the transportation of persons, which are hereby classified as (1) public vehicles which seek their business, or a part thereof, on the public streets or quasi-public places, to wit: 'taxicabs,' and (2) public vehicles which use the public streets for the purpose of transporting passengers for hire, but which do not seek their business thereon, or in quasi-public places, to wit: 'autosforhire,' 'driverless autosforhire' and 'funeral cars.'

"Sec. 65–1 e. The term 'driverless autosforhire' shall include any public vehicle which is rented or hired out to a person other than the owner, and operated by the person renting or hiring the same for his own use and not for the purpose of transporting persons for compensation."

Unquestionably, appellants contemplate that those hiring their cars will operate them upon the streets. In fact such use of the streets is essential to appellants' business. It is a special and extraordinary use materially differing from operation of automobiles or trucks by owners or their chauffeurs in the usual way for private ends. The running of automobiles necessarily is attended by danger to persons and property in the vicinity; and, when they are negligently driven upon city streets, the peril is great. The court below found that the operation of automobiles by such hirers is extra-hazardous to the public. The State has power for the safety of the public to regulate the use of its public highways. *Hendrick* v. *Maryland,* 235 U. S. 610, 622. *Kane* v. *New Jersey,* 242 U. S. 160, 167. *Sprout* v. *South Bend,* 277 U. S. 163, 168. It may prohibit or condition as it deems proper the use of city streets as a place for the carrying on of private business. This Court has sustained a state law requiring reasonable security for the protection of persons in respect of injuries and losses caused by the negligent operation of motor vehicles engaged in carrying persons for hire. *Packard* v. *Banton,* 264 U. S. 140, 144. Cf. *Hess* v. *Pawloski,* 274 U. S. 352, 356. Such measures, so far as concerns constitutional validity, are not distinguishable from the ordinance under consideration. *San Antonio* v. *Besteiro* (Tex. Civ. App.) 209 S. W. 472. *Welch* v. *Hartnett,* 127 Misc. 221; 215 N. Y. S. 540.

This ordinance is not an interference with or regulation of a business that has no relation to matters of public concern; it rests upon the power of the city to prescribe the terms upon which it will permit the use of its streets to carry on business for gain. It does not attempt to impose any burden or duty that is peculiar to public utilities. Our decisions in *Michigan Commission* v. *Duke,* 266 U. S. 570, and *Frost* v. *Railroad Comm.,* 271 U. S. 583, do not

apply here. Nor does the ordinance attempt to make hirers the agents or employees of the owners or to make the latter liable for the negligence of the former. It merely requires the giving of security that lessees shall "respond in damage for their own tortious acts." 123 O. S. 284; 175 N. E. 196. There is no showing that the conditions imposed are arbitrarily burdensome or that the measure in any way operates to deprive appellants of property without due process of law.

There is nothing on the face of the ordinance or in the evidence or findings below to warrant the conclusion that the classification, § 65-1 b, is capricious, arbitrary or so lacking in foundation as to contravene the equal protection clause. *Truax* v. *Corrigan,* 257 U. S. 312, 333. *Power Mfg. Co.* v. *Saunders,* 274 U. S. 490, 493. *Quaker City Cab Co.* v. *Pennsylvania,* 277 U. S. 389, 400. The record fails to show that the enforcement of the ordinance does or will substantially discriminate against the business of appellants. The claim of repugnancy to the equality clause cannot be supported by mere speculation or conjecture.

*Judgment affirmed.*