## In re PERKINS.

District Court, N. D. New York.
May 23, 1933.

W. Joseph Shanley, of Troy, N. Y., for bankrupt.

Wertime & Brady, of Cohoes, N. Y., for judgment creditors.

COOPER, District Judge.

This is an application by the bankrupt to continue the temporary injunction contained in the order to show cause, restraining the judgment creditors from filing with the commissioner of motor vehicles of the state of New York certified copy of unsatisfied judgment obtained by the judgment creditor, Antonie Shostak, as administrator, etc., in an action in which the jury rendered a verdict of $4,500 on June 21, 1932, and in which the judgment was entered November 13, 1932.

The bankrupt filed his voluntary petition July 13, 1932, was adjudicated July 16, 1932, and was thereafter in due course granted a discharge in bankruptcy.

The question here for decision is the validity of the provision of section 94-b of the New York State Vehicle and Traffic Law (Consol. Laws N. Y. c. 71). That section provides that, if the judgment recovered in a negligence action against the operator of a motor vehicle shall remain unsatisfied at the expiration of fifteen days after the same becomes final, the judgment debtor's operator's license shall be suspended and shall remain so suspended and shall not be renewed, nor shall any other motor vehicle be registered in his name while any such judgment remains unstayed and unsatisfied and subsisting, and until such judgment or judgments are satisfied or discharged, except by discharge in bankruptcy. This section was placed in the law of the state of New York in 1929 (Laws 1929, c. 695). If this provision is valid, no judgment debtor in a negligence action can, by obtaining a discharge in bankruptcy, rid himself of the liability of suspension of his operator's license unless he pays a judgment to the extent of $5,000 or gives security to avoid suspension of his license. This security must be a surety company bond, or two individual sureties, in the sum of $5,000 for each personal injury or death of one person, $10,000 for death or injury to two or more persons, and at least $1,000 for injury to property.

It is to be noted that this section makes no interference with the supremacy of the bankruptcy court in administering the property of the bankrupt, but it denies to the bankrupt the full effect upon such judgment of the discharge in bankruptcy.

There are no decisions on this statute in the state of New York, so far as can be learned, nor has the Attorney General in any opinion passed on the validity of this provision.

Nor does this section turn in any manner upon whether the judgment is an ordinary negligence judgment which is dischargeable in bankruptcy or one in which there was actual or implied malice rendering the judgment undischargeable in bankruptcy. They are alike within the provisions of section 94b.

The supremacy of the federal law in its constitutional field of bankruptcy (11 US CA) is upheld in this court in a learned opinion of the late Judge Ray in Re Hicks, 133 F. 739, where he held a city ordinance similar in effect to 94b, to be invalid, and restrained the dismissal of a city policeman who had not paid his judgment as the ordinance required, but had obtained his discharge in bankruptcy.

Without deciding the validity of the provisions of section 94b in respect to state officials, the motion for a permanent injunction against the judgment creditor is granted.

If any attempt to test the validity of this provision of the statute as to state officials and to restrain the action of such officials is to be made, the provisions of section 266 of the Judicial Code, as amended, now section 380 of 28 USCA, will govern the procedure.

The injunction asked for is granted.