## MUNZ v. HARNETT, Commissioner of Motor Vehicle Bureau.

District Court, S. D. New York, Dec. 20, 1933.

Samuel Dinerman, of New York City, for plaintiff.

The Attorney General, for defendant.

Before MANTON, Circuit Judge, and COXE, and PATTERSON, District Judges, constituting a statutory court, convened pursuant to section 266 of the Judicial Code, as amended (28 USCA § 380).

PATTERSON, District Judge.

Suit is brought to restrain the commissioner of motor vehicles of the state of New York from suspending the plaintiff's license as a chauffeur and his registration certificate as owner of an automobile. An application for a preliminary injunction came on before a court composed of three judges, pursuant to section 266 of the Judicial Code (28 USCA § 380).

A New York statute provides that where judgment on account of death or injuries to person or property resulting from the ownership, use, or operation of a motor vehicle shall be entered against a person, his chauffeur's license and his registration certificates shall be suspended until the judgment is "satisfied or discharged, except by a discharge in bankruptcy," at least up to minimum amounts specified in the statute, and also until he gives proof of ability to respond in damages for future accidents in the manner specified in the statute. New York Vehicle and Traffic Law (Consol. Laws, c. 71), § 94-b.[1]

It is shown that the plaintiff is a licensed chauffeur; that one Burke recovered judgment for $1,750 against him in an action for personal injuries arising out of his negligent operation of an automobile; that thereafter he was adjudicated a bankrupt, filed schedules in which the judgment in favor of Burke was listed as a liability, and was granted a discharge; and that he tendered to the commissioner of motor vehicles an insurance policy as evidence of his financial ability to pay damages for future accidents, but the tender was rejected on the ground that the plaintiff must first show payment of the judgment. It is further alleged that the commissioner will suspend the plaintiff's license under color of the statute referred to unless restrained in this suit, a charge which the commissioner admits. No payment on account of the judgment has been made.

It is claimed that the statute in its entirety is unconstitutional by reason of the Fourteenth Amendment, as depriving the plaintiff of his chance to earn a living as a chauffeur and of his right to own an automobile. We are of opinion that there is no merit in the point.

The ever-increasing use of the highways by those operating motor vehicles is attended by serious dangers of bodily harm and death. In an effort to minimize this menace

---

[1] The text of this act is as follows.:

"§ 94-b. The operator's or chauffeur's license and all of the registration certificates of any person, in the event of his failure within fifteen days thereafter to satisfy every judgment which shall have become final by expiration without appeal, of the time within which appeal might have been perfected or by final affirmance on appeal, rendered against him by a court of competent jurisdiction in this state, or in any other state or the District of Columbia, or of any district court of the United States, or by a court of competent jurisdiction in any province of the Dominion of Canada, for damages on account of personal injury, including death, or damages to property in excess of one hundred dollars, resulting from the ownership, maintenance, use or operation of a motor vehicle by him, his agent, or any other person for whose negligence he shall be liable and responsible, shall be forthwith suspended by the commissioner of motor vehicles, upon receiving a certified copy of such final.judgment or judgments from the court in which the same are rendered, showing such judgment or judgments to have been still unsatisfied after the expiration of fifteen days after the same became final as aforesaid, and shall remain so suspended and shall not be renewed nor shall any other motor vehicle be thereafter registered in his name while any such judgment or judgments remain unstayed, unsatisfied and subsisting, until said judgment or judgments are satisfied or discharged, except by a discharge in bankruptcy, to the extent of or at least five thousand dollars for an injury to one person in one accident, and to the extent of ten thousand dollars for an injury to more than one person in one accident, and to the extent of one thousand dollars for an injury to property in any one accident, and until the said person gives proof of his ability to respond in damages, as required in section ninety-four-c of this chapter for future accidents. * * * *"

to public safety, a state as an exercise of the police power may prescribe uniform regulations covering the ownership and operation of these vehicles. Hendrick v. Maryland, 235 U. S. 610, 35 S. Ct. 140, 59 L. Ed. 385; Kane v. New Jersey, 242 U. S. 160, 37 S. Ct. 30, 61 L. Ed. 222; Bradley v. Public Utilities Commission, 289 U. S. 92, 53 S. Ct. 577, 77 L. Ed. 1053, 85 A. L. R. 1131. One of the common requirements is that of registration of motor vehicles, and there cannot be the slightest doubt of the validity of this requirement. Hendrick v. Maryland, supra. So too as to the requirement of a license for chauffeurs and operators. And a state has power to require the furnishing of liability insurance prior to the issuance of a license, as a measure of protecting those who use the highways. Packard v. Banton, 264 U. S. 140, 44 S. Ct. 257, 68 L. Ed. 596; Sprout v. South Bend, 277 U. S. 163, 48 S. Ct. 502, 72 L. Ed. 833, 62 A. L. R. 45; Hodge Co. v. Cincinnati, 284 U. S. 335, 52 S. Ct. 144, 76 L. Ed. 323; Continental Baking Co. v. Woodring, 286 U. S. 352, 365, 52 S. Ct. 595, 76 L. Ed. 1155, 81 A. L. R. 1402; Hicklin v. Coney, 290 U. S. 169, 54 S. Ct. 142, 78 L. Ed. 247, decided by the Supreme Court on December 4, 1933; Opinion of the Justices, 81 N. H. 566, 129 A. 117, 39 A. L. R. 1023.

■ The statute under attack is of the same general character as the compulsory insurance acts. It suspends the license of a person who has not satisfied a judgment for injuries resulting from his negligent operation of an automobile until the judgment shall have been at least partially satisfied and until proof of ability to pay in the future shall have been furnished. The New York Legislature may well have considered that such a regulation would have a tendency to reduce casualties on the roads by making owners and operators of automobiles exercise greater care than formerly in order to prevent the entry of such judgments against them. The means adopted by the Legislature have a reasonable, substantial relation to the end in view, public safety on the highway, which is equivalent to saying that the act is a valid exercise of the police power. Morris v. Duby, 274 U. S. 135, 47 S. Ct. 548, 71 L. Ed. 966; Standard Oil Co. v. Marysville, 279 U. S. 582, 586, 49 S. Ct. 430, 73 L. Ed. 856; Sproles v. Binford, 286 U. S. 374, 388–389, 52 S. Ct. 581, 76 L. Ed. 1167.

Statutes similar in all respects to this one, except that they contain no express mention of discharge in bankruptcy, have been sustained in Massachusetts and California. Opinion of the Justices, 251 Mass. 617, 147 N. E. 680; Watson v. Division of Motor Vehicles, 212 Cal. 279, 298 P. 481.

■ We pass to the other ground of attack, that the statute is in contravention to the Bankruptcy Act (see 11 USCA) because it provides that a discharge in bankruptcy shall not be deemed a satisfaction of the judgment in so far as the suspension of license is concerned. This clause was probably inserted from superabundance of caution, for a discharge in bankruptcy has never been regarded as a satisfaction of a judgment against the bankrupt. It goes only to bar the judgment creditor's civil remedies to collect the judgment. Dimock v. Revere Copper Co., 117 U. S. 559, 6 S. Ct. 855, 29 L. Ed. 994; In re Weisberg (D. C.) 253 F. 833; Citizens' Loan Association v. Boston & Maine R. Co., 196 Mass. 528, 82 N. E. 696, 14 L. R. A. (N. S.) 1025, 124 Am. St. Rep. 584, 13 Ann. Cas. 365; Evans v. Staalle, 88 Minn. 253, 92 N. W. 951. It is argued that the effect of the act is to supply the judgment creditor with a remedy to compel the debtor to pay the judgment, despite his discharge in bankruptcy. This argument leaves us unconvinced. The New York Legislature has not undertaken to say that the judgment creditor may compel the debtor to pay in spite of the discharge in bankruptcy. The act no more gives an additional remedy to collect a civil judgment than does a revocation of a license for driving while intoxicated impose an additional punishment for a crime. People v. O'Rourke, 124 Cal. App. 752, 13 P. (2d) 989; People v. Stryker, 124 Misc. 1, 206 N. Y. S. 146. The statute has to do with motor vehicles on the highway. The same reasons that support this legislation against attack on general constitutional grounds support it against this attack; namely, that it may well tend to cause operators and owners of automobiles to take pains so as not to have a judgment growing out of negligent driving entered against them.

An argument similar to the plaintiff's has been held untenable in cases where a bankrupt has been fined by a state court for contempt in proceedings supplementary to execution on a judgment; the fine being ordered paid to the judgment creditor. Even though the judgment is one dischargeable in bankruptcy and the enforcement of the fine may have the effect of compelling payment on account of the judgment, such effect is only a collateral one and the bankruptcy court has no power to interfere. Spalding v. New York, 4 How. 21, 11 L. Ed. 858; In re Kor-

onsky (C. C. A.) 170 F. 719; People of State of New York ex rel. Otterstedt v. Sheriff of Kings County (D. C.) 206 F. 566; In re Metz (C. C. A.) 6 F.(2d) 962, 963. In such cases the pressure to pay is stronger than in a situation like the present.

The plaintiff relies on In re Perkins (D. C.) 3 F. Supp. 697, decided in the Northern District of New York. That case arose in the course of bankruptcy proceedings. It was held that this statute denied to the bankrupt the full effect of his discharge and was consequently invalid. An order was issued restraining the judgment creditor from filing a copy of the judgment with the commissioner of motor vehicles. We are unable to follow that decision. Reliance is further placed on In re Hicks (D. C.) 133 F. 739, also decided in the Northern District. There a municipal ordinance provided that any city employee who failed to pay his debts should be dismissed. Hicks was a fireman who filed a voluntary petition in bankruptcy and received a discharge. Judge Ray held that the ordinance as applied to Hicks was invalid. That case is distinguishable; the failure to pay debts in general having no relation to the qualifications of the bankrupt as a fireman. This statute does not say that no discharged bankrupt shall drive an automobile.

The statute is valid in all respects, and the application for a preliminary injunction is accordingly denied.