158 So. 539

CITY OF MOBILE v. FARRELL et al.

1 Div. 842.

Supreme Court of Alabama.

Dec. 20, 1934.

Rehearing Denied Jan. 24, 1935.

Harry Seale and Stevens, McCorvey, Mc-
Leod, Goode & Turner, all of Mobile, for ap-
pellant.

D. R. Coley, Jr., and W. C. Taylor, both of Mobile, for appellees.

FOSTER, Justice.

We have heretofore had this case on appeal, in which the equity of the bill was upheld. Ante, p. 294, 156 So. 635.

The respondents filed answers. Complainant moved for a temporary injunction. That

motion was heard on notice and proof as authorized by sections 8304, 8305, Code. The court denied the motion, and complainant appealed as authorized by section 8307, Code.

There is now no serious effort by appellees to impeach the holding on former appeal, but they contend that their answer and proofs show that though the taxicab ordinance referred to may not on its face show that it is violative of their constitutional rights, it is so for the reasons specially assigned and not disclosed in the bill. The chief attack made now, as then, is that the requirement that all taxicab operators shall furnish bond by a surety company, or an indemnity insurance policy by a company qualified in Alabama, is an arbitrary and unconstitutional requirement. The insistence is that the facts alleged in the pleadings and proofs are sufficient to sustain that contention.

Briefly stated, the contention is that there are only two principal carriers of passengers on the streets of Mobile, except those designed by this ordinance to be excluded. One is the street railway company, under city franchise of its own, and the Yellow Cab Company, which has complied with the conditions of the ordinance. It also appears that two individuals have been able to comply, but that they do not materially compete with the street railway company and Yellow Cab Company; and appellees claim that their contracts of indemnity were executed by the same company which insured the Yellow Cab Company, which was instrumental in having the security arranged for them. It is contended that surety and indemnity insurance companies throughout the country have informed appellees that they have withdrawn from such coverage, though they insure the Yellow Cab Company, and the two individuals in Mobile, but no others.

Appellees make a showing that they have made every effort to induce such companies to contract for them as the ordinance requires; that no peculiar objection to them personally as risks is assigned, but simply that they decline such risks; that they are able and willing to pay any reasonable premiums on such contract, and have offered to do so, but meet with the same response, that the companies decline to make such coverage; and that it was made for the Yellow Cab Company and the two individuals for personal reasons by the local agent of the company so contracting. But that the same company informed appellees that it would not make any other such coverage.

■ We have not seen where just such a situation came before a court for consideration. To apply the law to it, we must understand the nature of the powers of government in respect to that situation. The right to use the public streets for hire does not exist in public or private enterprises. The privilege is a grant by sovereign authority, and is what is generally termed a franchise. 26 Corpus Juris 1012; Stephenson v. Binford, 287 U. S. 251, 53 S. Ct. 181, 77 L. Ed. 288, 87 A. L. R. 721; Hodge Drive-It-Yourself Co. v. Cincinnati, 284 U. S. 335, 52 S. Ct. 144, 76 L. Ed. 323; Packard v. Banton, 264 U. S. 140, 44 S. Ct. 257, 68 L. Ed. 596; Cloe v. State ex rel. Hale, 209 Ala. 544, 96 So. 704.

■ In the United States, the state Legislature has succeeded to sovereign authority in this respect, subject to constitutional limitations. 26 Corpus Juris 1024; 29 Corpus Juris 646.

■ The effect of a legislative franchise is limited by constitutional restrictions, such as contained in sections 22, 220, and 228, Constitution of 1901. Section 220 was not intended to divest the state of its sovereign power and invest it in cities. But it means that the right of the Legislature to grant a franchise for the use of streets in a city or town for a public utility or private enterprise is subject to the consent of such city or town. Ex parte Ashworth, 204 Ala. 391, 86 So. 84.

■ But for the time being, the Legislature has delegated to the cities this right as shown in sections 2016 and 2163, Code. Montgomery v. Orpheum Taxi Co., 203 Ala. 103, 82 So. 117. Cities also have a large degree of police power in respect to the use of its streets, even though the user may have a franchise. Giglio v. Barrett, 207 Ala. 278, 92 So. 668.

■ In construing the effect of a grant it must not be forgotten that it is in the nature of a privilege thus extended as well as the regulation of a business in which the grantee has no right otherwise to engage. Hodge Drive-It-Yourself Co. v. Cincinnati, supra.

■ For that reason, many cases cited by appellees are not here directly applicable. They relate to such business enterprises as are otherwise legitimately conducted, and need no permit, except as required by the act or ordinance under consideration. The right to prescribe the conditions for the transaction of such business is the police power. Yick Wo v. Hopkins, 118 U. S. 356, 6 S. Ct. 1064, 30 L. Ed. 227; Reagan v. Farmers' Loan & Trust Co., 154 U. S. 362, 14 S. Ct.

1047, 38 L. Ed. 1014; Greene v. Louisville & Interurban R. R. Co., 244 U. S. 507, 37 S. Ct. 673, 61 L. Ed. 1280, Ann. Cas. 1917E, 88.

█ The city of Mobile, without the enactment of an ordinance, could make a specific grant of franchise rights to one taxicab company, and withhold it from another, for no reason other than its own discretion, and thereby create a monopoly by refusing to grant the right to another. Birmingham Interurban Taxicab Service Corporation v. McLendon, 210 Ala. 525, 98 So. 578; McLendon v. Boyles Transit Co., 210 Ala. 529, 98 So. 581. This could not be done in respect to business which needs no franchise grant.

██ It is wholly within the province of the city authorities under section 220, Constitution, to grant its consent or withhold it to any person or group. Birmingham Interurban Taxicab Service Corporation v. McLendon, supra. Its grant, not made a contract, cannot be irrevocable, nor can the city bind itself to an exclusive right—section 22, Constitution—nor may it extend beyond the restrictions of section 228. But it is within the irrevisable discretion of the city commission to determine whether, and to what extent, the service is needed, and to fix and determine the streets and to name the grantee of the right. Birmingham Interurban Taxicab Service Corporation v. McLendon, supra; Hadfield v. Lundin, 98 Wash. 657, 168 P. 516, L. R. A. 1918B, 909, Ann. Cas. 1918C, 942.

█ But it is insisted that the city commission, instead of doing that, passed an ordinance of general application, which fixes the limitations on the grant so as to require the applicants to perform conditions which are in contravention of constitutional right, and that the ordinance will not stand the test of constitutional authority. Frost v. R. R. Commission, 271 U. S. 583, 46 S. Ct. 605, 70 L. Ed. 1101, 47 A. L. R. 457. And, further, that the ordinance making a classification for those who are to be licensed deprives them from participating in its benefits when they should be included in a reasonable and just classification, and that they do not receive the equal protection of the laws. Smith v. Cahoon, 283 U. S. 553, 51 S. Ct. 582, 75 L. Ed. 1264; Hodge Drive-It-Yourself Co. v. Cincinnati, 284 U. S. 335, 52 S. Ct. 144, 76 L. Ed. 323.

But those principles are not here controlling. The insurance companies have not wholly and permanently abandoned the field of such coverage in Mobile, for they insure the Yellow Cab Company and two individuals. It is they, and not the ordinance, which discriminates against appellees. It is not in the method of the enforcement of the ordinance as in Yick Wo v. Hopkins, supra, and as in the tax cases, Reagan v. Farmers' Loan & Trust Co., 154 U. S. 362, 14 S. Ct. 1047, 38 L. Ed. 1014, and Greene v. Louisville & Interurban R. R. Co., 244 U. S. 507, 37 S. Ct. 673, 61 L. Ed. 1280, Ann. Cas. 1917E, 88.

At the time this ordinance was adopted, appellees had insurance of the kind required. It was afterwards that the insurance company canceled the policy without any cause personal to them. It was then discovered that the insurance companies had determined not to insure any other large cab company in Mobile except the Yellow Cab Company.

So that the city commission should not be chargeable with passing the ordinance with knowledge of its discriminatory effect in respect to the execution of the bond. But it now develops on the prima facie showing that the effect, due to circumstances which have since arisen, is to discriminate against these appellees and others similarly situated. It is impossible for them to comply, not for want of ability and willingness to do so, nor because they are not as good risks to insure as others in that line of business.

In the case of Hodge Drive-It-Yourself Co. v. Cincinnati, supra, it was stated that some of the companies decline such policies, but not all of them. And the required insurance was available.

But here the plight of appellees is due to the arbitrary discrimination of the insurance companies.

That situation, however, is not sufficient to strike down the law, nor can this court change it so as to permit the substitution of a different bond from that required by the ordinance. Hadfield v. Lundin, 98 Wash. 657, 168 P. 516, L. R. A. 1918B, 909, Ann. Cas. 1918C, 942.

But we think that the enforcement of the ordinance in literal form is shown prima facie to be inequitable. This was stated not to exist in Hodge Drive-It-Yourself v. Cincinnati, supra. We do not propose to alter or amend the ordinance, but equity will not aid in its enforcement when to do so has the effect of discriminating arbitrarily against these appellees; and when the rights of the public shall be adequately safeguarded; not to say now whether any court would do so.

█ The injunction, as affected by the insurance, is not sought to safeguard property rights of the city, but to protect the public against negligent operation of cabs on the streets. If this is effectually accomplished,

that protection is fully cared for, and an injunction to that end is not needed. An injunction is not a matter of right, but of grace, and its exercise is within the sound judicial discretion of a court of equity, and is reviewable on appeal. 32 Corpus Juris 29 et seq.; Cullman Property Co. v. Hitt Lumber Co., 201 Ala. 150, 77 So. 574.

■ Equity should not grant an injunction when substantial rights are not to be thereby protected. True, the city has the right to prohibit appellees from using the streets for hire, but it has not undertaken to do so, but, on the contrary, has granted that right upon a compliance with a requirement as to bond, which is shown by the evidence, prima facie, to work in an arbitrary and discriminatory manner as to substantially all applicants except one certain company, and that not due to their peculiar surroundings or conditions.

■ We have reached the conclusion that if appellees will execute bond with good and sufficient personal sureties, to be approved by the city commission or the register of the circuit court in equity, with penalty and conditions prescribed by the ordinance, equity should not grant an injunction for the failure to obtain insurance or bond by a qualified company, as long as such companies decline the coverage for no reason personal to the applicants. But they should not operate without protection of the public, as against their negligent conduct, secured by adequate bond or insurance. Hodge Drive-It-Yourself Co. v. Cincinnati, supra.

■■ The minimum charges prescribed in the ordinance do not on their face, nor on the facts alleged, show a discrimination against appellees, and there is no claim that they are confiscatory. The state has the right, which it may delegate, to fix rates and charges for services, the performance of which contemplates the use of facilities belonging to the state. Stephenson v. Binford, supra; Packard v. Banton, supra; 43 Corpus Juris 421. The only limitation on that right, so far as concerns a utility, is in respect to the fixation of an amount which will not yield a fair return.

■ The utility is not the representative of the people, and if the rates are unjust to the public, their remedy is beside this inquiry.

There is no showing here made that such rates will not have equal application to all licensees, nor yield a fair return.

We have reached the conclusion, therefore, that the temporary injunction ought not to issue as prayed for, if the appellees shall within thirty days execute bond in amount and terms as required by the ordinance, but with good and sufficient personal sureties to be approved by the city commission or register of the circuit court in equity, and shall otherwise comply with the ordinance in question. But if appellees shall fail to comply with the foregoing requirements in the time specified, the temporary injunction should issue.

The decree of the circuit court is thus modified and affirmed.

Modified and affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.