# Maupin v. City of Louisville et al.

Oct. 25, 1940.

Gilbert Burnett, Judge.

John H. Chandler for appellant.

Hal O. Williams for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant and plaintiff below, Samuel Maupin, has, for the past five or six years, valiantly fought in the courts to sustain his alleged right to operate a private commercial business conducted exclusively in and upon the public streets and alleys in the city of Louisville. The private commercial business in which plaintiff is engaged—and the right to pursue which his counsel so vigorously advocates and defends in this case— is that of driving along and over the public ways of the city of Louisville a motor vehicle equipped so as to become what is modernly known as a "sound truck," which is supplied with some sort of music producing instrument and with loud speakers—the purpose of the music being to attract the attention of users of the public ways for travel, and others adjacent thereto, whilst the loud speakers are employed to inform such hearers of the great attractions, bargains, etc., which may be obtained by patronizing those who employ the owner of the truck to disseminate such information. Sometimes the attraction to which attention is so called may be of a public or quasi public nature, but generally speaking the purpose is to advertise a private commercial busi-

ness and the great bargains and benefits offered to the public who might be induced to patronize the advertised business. But whether the information imparted be of the one class or the other, the operator of the sound truck receives pay therefor. He also carries advertisements on the sides of his truck for the purpose indicated. The music is interspersed with occasional speaking propaganda, the volume of each being augmented by the loud speaking equipment. So, it will thus be seen that the entire private and commercial business of appellant is operated exclusively on the public highways of the city. It will also be perceived that it partakes in no manner whatever of a public or quasi public business that may be classified as a public utility such as common carriers of freight and passengers upon the street and the appropriation of parts of streets—either laterally or longitudinally—for the erection of utility service plants such as water works, telephone and telegraph poles and wires, and other appropriations of like nature.

The vigilance with which plaintiff has fought his battles is revealed by our opinions in the cases of Maupin v. Brachey, Judge, 265 Ky. 155, 95 S. W. (2d) 1095, and Brachey v. Maupin, 277 Ky. 467, 126 S. W. (2d) 881, 121 A. L. R. 969. It will not be necessary for the determination of this appeal (as is made to appear in later portions herein) to refer to or discuss either of those opinions, since the question here involved is entirely different from any involved in those cases and arose since their determination by this court.

Sometime in the early part of 1940 (the specific date not being shown by the record) the legislative department of the city of Louisville enacted an ordinance, the title of which is: "An Ordinance Suppressing and Regulating Loud, Unusual and Unnecessary Noises." It consists of four sections, the first one of which says: "It shall be unlawful for any person within the corporate limits of the city of Louisville to make, continue or cause to be made or continued, any loud, unnecessary or unusual noise which either annoys, injures or endangers the comfort, repose, health or safety of others unless the making and continuing of the same be necessary for the protection or preservation of property or the health, safety, life or limb of some person." The second section undertakes to enumerate specifically certain

declared activities constituting violations of its Section 1 as being "Loud, unnecessary and unusual noises," as contemplated in the first section; but there is added thereto this sentence: "But such enumeration shall not be deemed to be exclusive." The specific activities so made are designated by the letters of the alphabet, beginning with (a) and extending to and including designation (o), which says: "The use of mechanical loud speakers or amplifiers on trucks or other moving vehicles for advertising or other purposes, except where specific license is received from the Police Department." Some of the other specifications might also be construed to embrace the operation of plaintiff's truck upon the streets of the city so as to bring his business within the prohibitory provisions of the ordinance; but whether so or not it is clear that enumeration (o) does do so.

After the taking effect of that ordinance plaintiff filed this action in the Jefferson circuit court against the proper enforcement officers of the city seeking, first a temporary injunction, and finally a permanent one prohibiting the enforcement of the ordinance against him upon various enumerated grounds; chief among which is that its enforcement would interfere with his alleged constitutional and inherent rights to conduct his private business exclusively on the streets, and that at most the city under its police power could do no more than regulate the business but not prohibit it. Defendants demurred to the petition, which the court sustained, and upon plaintiff's declining to plead further his action was dismissed, to reverse which he prosecutes this appeal.

At the threshold it might not be imporper to answer what appears to be the conclusion of counsel representing plaintiff to the effect that the ordinance is discriminatory and exclusively aimed at plaintiff, and for which reason the courts have no alternative but to declare it invalid, and which, no doubt, would be true (other considerations and questions being eliminated) if counsel's premise was correct. However, the ordinance is essentially a general one, and in its provisions affecting plaintiff's business it applies to all others of a like nature and conducted in the same way and manner. It possesses none of the features of specific personal application.

Briefs of counsel are largely devoted to an effort to define and mark the most expanded limits of that in-

definable power, inherently possessed by all governments, known as "The Police Power." But whatever may be the limitations upon its scope it is possessed by all sovereign governments, particularly in these United States, with the authority in them to delegate to municipalities within their jurisdictions the same power, and which our legislature has done with reference to municipalities of the first class (to which the city of Louisville belongs) by the enactment of Sections 2742 and 2783 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes, each of which are parts of the charter of cities of the first class. The first named section preserves and continues the corporate capacity of the community "with power to govern themselves by such ordinances and resolutions for municipal purposes as they may deem proper, not to conflict with this act, nor the Constitution and laws of this state, nor of the United States;" whilst the second named section says: "The general council shall have power to pass, for the government of the city, any ordinance not in conflict with the Constitution of the United States, the Constitution of Kentucky and the Statutes thereof."

Section 2832 et seq. of the same statutes (and same charter) confer upon the city exclusive control of its public ways, including their establishment, abandonment, maintenance and uses, the latter of which is confined to the right of individual members of the public to employ in traveling from one place to another, either as pedestrians or in vehicles, with the title of the highways being vested in the city as trustee for those having the right to so employ them. That statement of the fundamentally devoted use and employment of public ways is declared and upheld by every court to which we have access and is denied by none. We could lengthen this opinion by an almost unlimited list of such holdings, but, since there are none to the contrary it is manifestly unnecessary to do so.

Various attempted definitions of what is comprehended by the phrase "Police Power" under the authority of which the government—or any of its subordinate divisions to which it might delegate the authority—may prescribe regulatory or even prohibitive measures may be found in Volumes 3 and 6 of Caldwell's Kentucky Judicial Dictionary, under the heading of "Police Power," and in many other later domestic cases ren-

dered since that publication was made. If the business to which the enacted measures apply is a lawful one and is conducted in or at a place upon or at which the right to do so is undisputed, it possibly could not be entirely prohibited, but although so conducted, if the manner in which it is done is such, or potentially may become such as to retard or materially interfere with the health, peace, morals, education or good order of the people, then the particular jurisdiction in which the business is operated—including a municipality to which police power has been delegated—may regulate by enacted ordinances or resolutions the operation of the business so as to curtail, as far as possible, its objectionable features, and to thereby lessen its evil effects, and which was so declared by the Supreme Court of the United States in the case of Barbier v. Connolly, 113 U. S. 27, 5 S. Ct. 357, 28 L. Ed. 923; and all the cases listed in the reference to Caldwell's Kentucky Judicial Dictionary are to the same effect.

Among the activities which may be regulated, or even prohibited, under the authority of the police power is that of making disturbing noises in, upon or near the public ways whereby travelers thereon in any manner for the purposes for which they are adapted are disturbed or their attention diverted so as to lessen the necessary precaution to be exercised as such travelers on the public ways for their own protection and that of other members of the public so employing them. The operation of sound trucks upon the public highways and streets is manifestly within that class and may be regulated or in some instances prohibited under the authority thus possessed by a municipality, as is clearly pointed out in the annotation in 121 A. L. R. beginning on page 977. The annotation is appended to our domestic case supra of Brachey, Judge, v. Maupin, and what is written therein together with the authorities cited,[1] are affirmations of well established principles of long standing in the law. We, therefore, conclude without further elaboration that the city had the right to enact the attacked ordinance, provided it contained no provision rendering it vicious and, therefore, invalid; and provided, further, that the noise sought to be suppressed was such as to bring it within the regulatory authority of the city under its possessed police power.

Plaintiff's counsel, however, by averments in the

petition seeks to eliminate his client's business from the classification of prohibitable noise makers by averring that plaintiff will so subdue the noise made by his sound truck as to take it out of the category of loud or unusual noise contemplated by the ordinance. But he nowhere claims that the noise that will remain will not attract travelers on the public ways so as to produce the potential danger above referred to, and which, as we have seen, may be absolutely prohibited, although the regulated or prohibited business is a lawful one when conducted at a place and in a manner where the noise produced will not have such effect. Although plaintiff might be able to reduce the volume of the noise produced by the operation of his sound truck on the streets of the city, yet its disturbing or detracting effect to travelers thereon would be the same, and accompanied with the same potential evils which the city has authority to suppress under the police power possessed by it.

It is also argued that enumeration (o) supra—specifically directed to the inhibition of the operation of sound trucks on the public ways of the city—possesses the vice of vesting the Police Department of the city with the right to issue specific license to operators of similar trucks within the discretion of the members of that department without prescribed regulations or limitations and for which reason the entire ordinance, or at least enumeration (o), is invalid. We will not stop to consider or determine that contention for reasons hereinafter stated. It is sufficient to now state that it is our conclusion that the city possesses undoubted power and authority to pass the attacked prohibitive ordinance as it affects plaintiff and his business specifically embraced by subsection (o) supra under the exercise of its police power, provided its attempted exercise in this instance is not vitiated by the licensing proviso contained therein.

We take judicial knowledge of the ordinances of cities of the first class. But in addition thereto there has been furnished to us a copy of an unrepealed ordinance of the city of Louisville enacted in 1935, and known as ordinance "No. 278 in the 1935 Compilation of General Ordinances of the City of Louisville," Section 11 of which says: "It shall be unlawful for any person, firm, or corporation to use any sidewalk, or street, or alley, either in whole or in part, for the purpose of vending any article whatever, or conducting any

business, occupation, or trade, or advertising any business, occupation, or trade." The substance of that section is to entirely prohibit the conducting of "any business, occupation, or trade, or advertising any business, occupation or trade" on the public ways of the city, but which, of course, could not apply to the uses of the streets and other public ways for public utility purposes for which the city may provide consent under Section 163 of the Constitution, and had granted a franchise therefor, under the provisions of its Section 164.

Plaintiff is engaged in no such business, as we have hereinbefore pointed out, and therefore, in no event may he compel the city to consent to the operation of his strictly private commercial business entirely on the public ways of the city. An unlimited list of authorities might be cited in substantiation of that statement as the correct declaration of law applicable to rights in and to the use of public ways. We direct the reader to the opinion of the Supreme Court in the case of Hodge Drive-It-Yourself Co. v. Cincinnati, 284 U. S. 335, 52 S. Ct. 144, 76 L. Ed. 323, and which declarations therein made are approved by this court in the cases of Commonwealth v. Nolan, 189 Ky. 34, 224 S. W. 506, 11 A. L. R. 202; City of Pineville v. Marshall, 222 Ky. 4, 299 S. W. 1072, and others both preceding and following them.

In the Hodge case [284 U. S. 335, 52 S. Ct. 145, 76 L. Ed. 323] the Supreme Court in its statement of the principle under consideration said: "The state has power for the safety of the public to regulate the use of its public highways. Hendrick v. Maryland, 235 U. S. 610, 622, 35 S. Ct. 140, 59 L. Ed. 385; Kane v. New Jersey, 242 U. S. 160, 167, 37 S. Ct. 30, 61 L. Ed. 222; Sprout v. South Bend, 277 U. S. 163, 168, 48 S. Ct. 502, 72 L. Ed. 833, 62 A. L. R. 45. It may prohibit or condition as it deems proper the use of city streets as a place for the carrying on of private business. * * * This ordinance is not an interference with or regulation of a business that has no relation to matters of public concern; it rests upon the power of the city to prescribe the terms upon which it will permit the use of its streets to carry on business for gain. It does not attempt to impose any burden or duty that is peculiar to public utilities." The cited cases from this court are equally emphatic on the proposition. Therefore, if the attacked ordinance in this case should for any reason be held in-

applicable or invalid, yet plaintiff's private business, conducted exclusively upon the streets and public ways of the city of Louisville without its consent and in defiance of the 1935 ordinance, constitutes an unlawful appropriation of the city's streets and public ways and destroys his right to do so as claimed in his petition. The court, therefore, did not err in sustaining the demurrer filed to it and in dismissing it upon the failure to amend.

But earnest counsel for plaintiff in opposing that consequential conclusion urges that the 1935 ordinance—withdrawing the city's consent for the exclusive use of its streets in conducting a strictly private business—is nevertheless invalid because, as he insists, there are other private businesses so conducted without interference on the part of the city, and which he claims is discriminatory against his client. That argument, however, is directed to the improper administration or enforcement of the ordinance and not against its prohibitive provisions. If, however, the terms of the ordinance were less sweeping and comprehensive, so as to exclude from its operation some forms of business it would not follow that it was void for that reason. The direct question was before this court in the case of Hahn v. City of Newport, 175 Ky. 185, 194 S. W. 114, which holds, as stated in a syllabus to the opinion, that "Neither a statute nor an ordinance is invalid because it is aimed at only a part of existing vices and does not include all of them, provided that the supposed vices and the attempted regulation are such as the law-making authority had a right to make." We have seen that the law-making authority in this case (the city legislative department) has the right to prohibit the conducting of a strictly private commercial business on the streets of the city of Louisville, and under the principle announced in the Hahn opinion an ordinance prohibiting the transaction of a particular business on the public ways of a city is not invalid because it fails to prohibit—or if prohibited it fails to punish—all other violations. In other words, a pro tanto exercise of a right is not invalid upon the ground that the right is not exercised in its entirety, although the principle contended for might apply in the exercise of some other governmental powers, such as tax producing statutes, or, possibly purely regulatory ones where discriminatory enforce-

ment prevails. But it is clearly not applicable in prohibitory legislation enacted under the police power any more than it would prevail in the administration of the criminal laws for the punishment of offenders. No one would contend that one charged with murder, burglary, larceny, or other crime could escape punishment because, forsooth, other offenders against the same laws were not punished. The proposition is too clear to require further discussion.

Wherefore, the judgment is affirmed.