L. A. CHERRY, d/b/a Bell Motors, Petitioner,

v.

Charles H. MINTON, Police Judge, City of Middlesboro, Kentucky, Respondent.

Court of Appeals of Kentucky.

June 20, 1958.

Tribell, Tribell & Ball, Pineville, for petitioner.

Fred R. Whalin, City Attorney, Middlesboro, for respondent.

CULLEN, Commissioner.

By an original proceeding in this Court, L. A. Cherry, d/b/a Bell Motors, seeks an order prohibiting Charles H. Minton, Police Judge of the City of Middlesboro, from proceeding to enforce and collect a fine of $5 imposed against Cherry for violation of a city ordinance, and from taking any steps or proceedings for future enforcement of the ordinance against Cherry. It is contended that the acts performed by Cherry for which he was fined and for which he is threatened with future prosecutions do not constitute violations of the ordinance, or if they do, the ordinance is unconstitutional.

■ The ordinance in question is an amendment of the general parking meter ordinance of the city. The significant language is:

"it shall be unlawful and a violation of the provisions of this ordinance for any person * * * operating any kind of business, to use or occupy a parking meter or parking meter space * * * for carrying on any business * * *"

Cherry operates a used car lot on the outskirts of the City of Middlesboro. He has adopted the practice of placing a large sign (two feet by eight feet), advertising his used car business, on the top of an automobile, and parking the automobile during the daytime in parking meter spaces in the downtown business section of the city. He pays the meter charge, and at the expiration of the meter period he either renews the meter or moves the automobile to another meter space. Sometimes he has two automobiles with such signs parked in meter spaces. He leaves the automobiles unattended and does not negotiate or consummate any sales from the meter spaces, but uses them only for the advertising purpose.

■ Cherry maintains that he is not violating the ordinance because he is not using the meter spaces "for carrying on * * * business;" that "carrying on business" means the buying or selling of a commodity or service, and does not embrace mere advertising. We do not consider it necessary to explore the question of whether the word "business," isolated and standing alone, includes an advertising activity, because it is our opinion that in the context of the ordinance here in question the kind of advertising being done by Cherry clearly comes within the class of prohibited uses. The obvious, plain purpose and intent of the ordinance is to prohibit the usurpation of meter spaces for a use primarily designed to accomplish the furtherance of a business objective, as distinguished from a use having only a casual or incidental relation to business, such as parking for the purpose of making a business visit, or for the mere personal convenience of a businessman. If the occupancy, itself, of the meter space accomplishes the business objective, rather than being merely an incident of travel for a business purpose, the ordinance is violated. We have no difficulty in concluding that Cherry's use of the meter spaces for the sole and exclusive purpose of advertising his business constitutes a violation of the ordinance.

■ It is argued that if the ordinance does prohibit such use as Cherry is making of the meter spaces it is unconstitutional as imposing an unreasonable restraint on the carrying on of a lawful occupation, and cannot be justified under the police power. This argument is without merit, because the ordinance does not rest upon the bare police power, but upon the power of the city to regulate and control the use of its streets. The power of a city to prohibit the use of city streets as a place for the carrying on of private business is firmly established. Maupin v. City of Louisville, 284 Ky. 195, 144 S.W.2d 237; Hodge Drive-It-Yourself Co. v. City of Cincinnati, 284 U.S. 335, 52 S.Ct. 144, 76 L.Ed. 323.

The petition for an order of prohibition is denied.