261 U.S. 264 (1923)
WESTERN & ATLANTIC RAILROAD
v.
RAILROAD COMMISSION OF GEORGIA ET AL.
No. 195.
Supreme Court of United States.
Argued January 9, 1923.
Decided February 19, 1923.
APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF GEORGIA.
Mr. Fitzgerald Hall, with whom Mr. Henry C. Peeples and Mr. Frank Slemons were on the brief, for appellant.
No brief filed for appellees.
MR. JUSTICE BUTLER delivered the opinion of the Court.
This is a suit commenced in the District Court by the Western & Atlantic Railroad, against the Railroad Commission of Georgia, its members, its special attorney, and the Attorney General of the State to restrain and enjoin the enforcement of an order of the Commission requiring the plaintiff to construct and put in service a spur or industrial track to the Farmers Warehouse Company's warehouse abutting the right of way of the railroad at Smyrna, Georgia. A law of Georgia (§ 2664 of the 1910 Georgia Code) authorizes the Commission to prescribe rules with reference to spur tracks and side tracks, and *265 with reference to their use and construction, and gives it power to compel service to be furnished warehouses and similar places of business along the line of railroads where practicable and in the judgment of the Commission the business is sufficient to justify, and on such terms and conditions as the Commission may prescribe. The plaintiff attacks the order as unreasonable and arbitrary because under the circumstances it would deprive the plaintiff of its property without due process of law in contravention of the Fourteenth Amendment, interfere with and burden the interstate commerce of the plaintiff and compel it unjustly to discriminate against other shippers in violation of the Act to Regulate Commerce. Before the expiration of the time allowed by the Commission for compliance with its order, this suit was commenced and plaintiff gave notice of motion for temporary injunction. The defendants answered and, among other things, denied that the value of the matter in controversy is sufficient to give the court jurisdiction and averred that it does not exceed $3,000. There was a hearing before three judges as required by § 266 of the Judicial Code, and the application for a temporary injunction was denied upon the sole ground that the requisite amount was not involved. This appeal calls for a review of that ruling. North Pacific S.S. Co. v. Soley, 257 U.S. 216, 221; Gilbert v. David, 235 U.S. 561, 568.
The complaint alleges that the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and by way of detail it is stated, among other things, that the initial cost of the construction of the side track would be $1,266.24; that the interest on the money which plaintiff would have to expend for the construction of the track, depreciation charges, necessary maintenance and operating expenses would exceed $200 a year, and that compliance with the order would hamper and delay the plaintiff in the proper *266 operation of its trains and would impose upon it additional costs and expenses, but would not increase its earnings. The affidavit of the plaintiff's general manager supports the allegations of the complaint and states that the patrons of the plaintiff, including the Farmers Warehouse Company, have adequate trackage and depot facilities, not only to take care of present business but of any probable increase at Smyrna; that the railroad line from Atlanta to Chattanooga is largely single track; that the traffic is very heavy, and that the problem of keeping trains moving promptly is serious and difficult; that, because business does not justify it, the plaintiff does not have a switch engine at Smyrna, and, if the private siding were constructed in accordance with the order of the Railroad Commission, plaintiff would have to delay its freight trains so that the road engines could switch this additional track thereby delaying the prompt movement of the trains, and that the track could never be used by others and would be simply an accommodation for one patron, adding nothing to the earnings of the railroad but considerably increasing its expense. The affidavit of the plaintiff's superintendent also supports the complaint and is in substance to the same effect. Defendants' answer states that in all human probability the business of the warehouse will be permanent, and affidavits of directors of the warehouse company tend to support that statement. The denial of jurisdictional amount in defendant's answer is not supported by any affidavit in their behalf.
The decision in the District Court states:
"The propriety of requiring the construction of this particular track is alone in issue. The cost in material and labor is stated in the petition to be but $1,260, and this amount alone is involved. . . . The cost of future maintenance is not involved now, because that is an incident of the future use. The maintenance cost for some years will be slight, and if the business done over *267 the track does not justify its maintenance, the question of its abandonment will be open then."
We are unable to agree that the cost in material and labor is all that is involved in this case. Plaintiff seeks to be relied not only from constructing the side track but also from maintaining it in suitable condition for use, and from the cost and expense of using and operating it for the movement of cars to and from the warehouse. The value of all these is involved. Glenwood Light & Water Co. v. Mutual Light Co., 239 U.S. 121, 125; Berryman v. Board of Trustees of Whitman College, 222 U.S. 334; Bitterman v. Louisville & Nashville R.R. Co., 207 U.S. 205, 225; Hunt v. New York Cotton Exchange, 205 U.S. 322, 336. It is shown that the permanent annual burden on account of interest on such cost, depreciation, maintenance and operating expenses of such side track will exceed $200, and this capitalized at a reasonable rate exceeds $3,000. Laying aside other considerations bearing upon the matter, the amount is shown to be sufficient. This being so, the District Court should have taken jurisdiction and should have proceeded to determine the merits of plaintiff's application for a temporary injunction, which it did not do.
Order declining jurisdiction vacated with directions for further proceedings.