CITY OF COLUMBIA v. PEURIFOY, RECR.

(146 S. E., 93)

*Messrs. D. W. Robinson,* and *D. W. Robinson, Jr.,* for appellant,

*Mr. E. W. Mullins,* for respondent,

December 31, 1928.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This matter involves the refund or abatement of certain municipal taxes. During the year 1925, American Bank & Trust Company, of Columbia, made a sworn return, under the provisions of law, to the state tax commission, which thereupon made an assessment of its real and personal property. The bank paid the State and County taxes, and also paid, voluntarily and without protest, to the City of Columbia, the municipal taxes levied on the assessment, including $1,015.84 on personal property.

On June 25, 1926, the bank closed its doors and its affairs were turned over to the State Bank Examiner, and subsequently to James E. Peurifoy, receiver. On July 12, 1926, the receiver filed with the tax commission a petition for obtaining an abatement as to the 1925 taxes paid on personal property. The commission approved the petition and returned it to the Richland County auditor, who made the proper entries on his books and delivered the abatement to the County treasurer, who honored the same and refunded to the receiver the County and State taxes levied and collected on the personal property pursuant to the assessment. Thereafter the County auditor advised the City officials of

the action of the tax commission, the City in the meantime having disbursed its 1925 taxes, or mixed them with other funds in the ordinary course of administration. No formal claim of application for refund was made in the city, but the city officials refused to change the assessment on their books, and to grant any abatement or refund to the bank, or its receiver, on account of the order of the tax commission.

The city had large deposits in the bank when its doors were closed, and, upon the declaration of a 10 per cent dividend to depositors, the receiver retained out of the dividend due to the city the sum of $1,015.84, the amount he claimed to be due as a refund of the 1925 taxes. Thereupon, on petition of the city, a rule to show cause to compel payment of this amount was issued. By his return the receiver prayed that the rule be dismissed, that his action in retaining the $1,015.84 be confirmed, and that a writ of mandamus be issued to the city treasurer, directing him to make the proper entries on the city's books, revising the tax assessment against the bank, and requiring him to issue an abatement of the 1925 taxes.

On July 18, 1928, the matter was heard before his Honor, Judge W. H. Townsend, who subsequently passed an order, which will be reported, directing the receiver to pay over to the city the amount deducted by him from the dividend due to the city, and denying the petition for a writ of mandamus. The appeal is from this order.

The bank, as we have stated, made a sworn return to the State tax commission under the provisions of Subdivision 17, Section 365, Civ Code 1922, fixing under oath the value of its taxable property, both real and personal; upon this return the commission assessed the personal property at $36,280. It does not appear that the taxpayer at that time, or at any time prior to the payment of the taxes, questioned in any way the correctness of the assessment so made. The assessment was duly entered on the tax

books by the county auditor of Richland County for levy of State and county taxes. Thereafter it was copied on the tax books of the City of Columbia for the purpose of levying municipal taxes. It is admitted that the bank paid the taxes, state, county, and municipal, without protest of any kind, prior to the abatement of the assessment. In fact, it appears that it was not suggested that the sworn return of the bank was erroneous, or the assessment made by the commission thereon incorrect, until July of the following year. It is clear, under these facts, that the payment was entirely voluntary.

We take it to be a well-established principle of law that one who voluntarily pays taxes to a state or one of its political subdivisions cannot recover the same, in the absence of statutory provisions specifically authorizing such recovery. 37 Cyc., 1172; Cooley on Taxation (3d Ed.), Vol. 2, pp. 1495-1499; Dillon on Municipal Corporations (5th Ed.), Vol. 4, § 1617; *Columbia Railway Gas & Electric Co. v. Tax Commission,* 119 S. C., 480 112 S. E., 267; *Robinson v. City Council of Charleston,* 2 Rich. 317 45 Am. Dec., 739. No statutory provision expressly authorizing a refund of city taxes under the facts of this case has been brought to our attention, and we know of none. Section 512 of Volume 3 of the 1922 Code is not applicable. That section provides a method for obtaining a refund of state, county, or other taxes paid under protest, and Section 513, immediately following, provides that there shall be no other remedy in any case of the illegal or wrongful collection of taxes "than that herein provided."

In this state of the law, the Legislature, in 1922, passed an Act (32 St. at Large, p. 1017) specifically providing for the abatement or refund of taxes, expressly excepting municipal taxes, "erroneously, improperly or illegally assessed," and empowering the tax commission to order the proper officer to abate such taxes. Certainly no abatement of municipal taxes can be claimed under this statute.

The appellant points out, however, that there can be only one assessment for state, county, or other taxes, and that municipal taxes are levied on the same assessment made for State taxes (Section 13, Article 10, of the Constitution; Section 490 of 1922 Code), and contends that, when the tax commission changed the assessment for 1925 taxes for State and county purposes, such change included by necessary implication the change of the assessment for the levy of municipal taxes, and devolved on the city the duty to refund the taxes paid under the original assessment.

We do not think this position is sound. If it was necessary for the Legislature, as we have pointed out, to enact a statute to enable a taxpayer to obtain, if he so desires, a refund of any tax, other than municipal taxes, paid without protest, certainly a statute was equally necessary in order to allow a taxpayer to obtain a refund of municipal taxes so paid; we see no reason for any distinction. As the 1922 statute expressly excepts municipal taxes from its operation, in the absence of other necessary statutory provision, we find no legal ground whatever for compelling the return of the taxes paid to the city. It may be a somewhat anomalous situation that the tax commission has the power to change the assessment and to order a refund of state and county taxes under certain conditions, while no provision has been made authorizing that body, or the proper municipal authorities, to order, under the same conditions, a refund of municipal taxes, the levy and collection of which is grounded upon the assessment for state and county purposes. We cannot allow, however, that circumstance to control the decision of this case, in the face of the plain provisions of the law as we find it.

The exceptions are overruled, and the judgment of the circuit Court is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN and CARTER, concur.

MR. JUSTICE BLEASE, disqualified.