**CAMPBELL BAKING CO. et al. v. CITY OF MARYVILLE, MO., et al.**

District Court, W. D. Missouri, St. Joseph Division. March 16, 1929.

No. 111.

Mayer, Conkling & Sprague, of St. Joseph, Mo., and Mason & Williams, of Tulsa, Okl., for plaintiffs.

Culver, Phillip & Voorhees, of St. Joseph, Mo., for defendants.

OTIS, District Judge. Complainants seek in this proceeding a permanent injunction restraining the city of Maryville, Mo., from enforcing against them the following ordinance:

"Every person, firm or corporation engaged in selling and delivering any goods, wares or merchandise of any kind, at wholesale or retail, to any person, firm or corporation in the city of Maryville shall first take out and have a license therefor from the city of Maryville and pay a license tax to the city at the following rates for the respective periods of time: For one day, $2.00. For one month $30.00. For six months $125.00. For one year $200.00.

"This ordinance shall not be construed to apply to any person, firm or corporation selling goods, wares or merchandise at their regularly established store or place of business.

"Each and every person violating any of the provisions of this ordinance shall, on conviction, be adjudged guilty of a misdemeanor and punished by a fine of not less than $10 or more than $100, or by imprisonment of not more than three months or both."

The complainants are Delaware corporations and as such nonresidents of the state of Missouri. They allege that this ordinance is void, as not within the legislative powers of the city of Maryville, and as violative of the Fourteenth Amendment. It is alleged also that, even though the ordinance on its face may be valid, it is sought to be enforced by the defendants against these complainants, so as to deny them the equal protection of the laws.

1. There is first to be determined whether this court has jurisdiction. The bill alleges that more than $3,000 is involved. The only facts set up therein as a basis for this allegation are that "the business of each of the complainants in selling bread and bakery products in said city exceeds the sum of $5,000 yearly," and that "by the enforcement of the ordinance the business of the complainants will be completely destroyed." The answer denies that the amount involved in the controversy is in excess of $3,000, exclusive of interest and costs. It appears from the evidence that the gross sales in Maryville of each complainant are around $7,500 a year, and that the profits are approximately 5 per cent., or for each complainant about $375 annually.

The test for determining the amount involved is: What is the value of the right sought to be maintained and preserved? Packard v. Banton, 264 U. S. 140, 44 S. Ct. 257, 68 L. Ed. 596. It is sought here to preserve the Maryville business of complainants. The value of the Maryville business of each complainant may properly be determined by capitalization of its net annual income from that business, and, as that net annual income in the case of each is around $375, the value of the business of each may be estimated at more than $3,000. Western & Atlantic R. R. v. Railroad Commission, 261 U. S. 264–267, 43 S. Ct. 252, 67 L. Ed. 645. This court has jurisdiction of the case, since there is diversity of citizenship and the requisite amount involved.

2. Upon the merits I first consider whether the city of Maryville had authority under the Missouri statutes to enact this ordinance. Such authority as it had must be found, if anywhere, in section 8322, R. S. Mo. 1919, as amended by Laws Mo. 1927, p. 358. That section gives to cities of the third class (and Maryville is of that class) power and authority to levy and collect a license tax on a great number of specifically enumerated businesses, as, for example, on wholesale houses, auctioneers, architects, druggists, grocers, banks, brokers, etc. Under it the city of Maryville has the power to impose a license tax on any one of these businesses, or on all of them. The question is: Does the city have the power to impose a license tax,

468

not on a particular business, nor on a number of specifically named businesses, but upon *"every person engaged in selling goods, wares and merchandise,"* or upon *"every person engaged in delivering goods, wares and merchandise"?* I think it does not have such power.

That this conclusion is correct will be more clear, if we suppose that the city was granted power only to impose a license tax on, let us say, grocers, lumber dealers, and bakers. With its power so limited that city could not enact a valid ordinance imposing a license tax upon all persons selling goods, wares, and merchandise. The situation is not changed because the Legislature has empowered the city to impose a license tax, not on three businesses only, but on perhaps a hundred. Nor is the situation changed because at the end of the enumerated occupations which may be taxed are the words "and all other vocations and businesses whatsoever." If this section is read in connection with section 8702, R. S. Mo. 1919, it is clear that the language "and all other occupations and business whatsoever" does not have the effect of including every possible business enterprise whether or not specifically mentioned. *Ex parte Siemens v. Shreeve,* 317 Mo. 736, 296 S. W. 415.

■ Learned counsel for defendants seem to recognize that the ordinance in question went beyond the powers of the city. On page 4 of their brief they say: "Whether the ordinance may include persons not enumerated in the charter provision is here wholly immaterial, because the complainants, who are subject to the provisions of the ordinance, under the charter cannot complain that the ordinance includes others who are not." As I understand the point intended by this language, it may be illustrated thus: If a city may impose a license tax upon bakers, and it imposes a license tax, not upon bakers eo nomine, but upon all persons selling goods, wares, and merchandise, bakers at least cannot complain of the invalidity of the ordinance.

But this contention is not sound. The rule is that, where statute or an ordinance is made up of divisible parts, the whole does not fall because one part is invalid, if it appears that the valid parts would have been enacted, even without the invalid part. Where, however, a statute or an ordinance is not made up of divisible parts, then it is either valid or invalid in toto, and its invalidity may be asserted by any whom it affects, and not the less because the legislative power might enacted a perfectly valid statute or ordinance affecting only the class to which the complaining party belongs.

■■ 3. I consider next whether this ordinance is void on other grounds than that its enactment was not within the charter powers of Maryville. Is its effect to deny to these complainants the equal protection of the laws? A city, having the power to impose license taxes on, for example, bakers, undoubtedly may classify them, if the classification has some reasonable basis. To put those having a regularly established place of business in one class, and those having no such regularly established place of business in another, is not ipso facto an unreasonable classification. *Singer Sewing Machine Co. v. Brickell,* 233 U. S. 304, 34 S. Ct. 493, 58 L. Ed. 974. Such a classification, even with substantial differences in taxes, is not unconstitutional. Where, however, it appears from gross disparities, from extraordinarily large exactions (as compared with others), and from all the facts, that the real intent and purpose is, not to raise revenue, but to destroy the business of nonresidents, in the interest of resident dealers and business men, when that appears, then nonresidents are denied that equal protection of the laws which the Constitution guarantees to all.

From the facts here it is impossible to escape the conclusion that discrimination against these complainants, so great as to prevent them from competing with local dealers, was the sole purpose and will be the only effect of this ordinance. For the reasons stated, I hold the ordinance invalid as sought to be enforced against complainants, and grant them the permanent injunction prayed. A formal decree may be submitted for approval and entry.

It is proper to add that, in the somewhat similar case of *Campbell Baking Company v. City of Harrisonville et al.,* Equity 817 in this Western Division of this District (not for publication) in which I denied an injunction, there was no such showing as to the facts as here.