### SOUTHERN FRUIT CO., Inc., et al. v. PORTER et al.

### No. 526.

District Court, W. D. South Carolina, Rock Hill Division.

Aug. 26, 1937.

Charles W. McTeer, of Chester, S. C., for petitioners.

Williams, Stewart & Williams, of Lancaster, S. C., Spencer & Spencer, of Rock Hill, S. C., O. F. Thornton, of Clover, S. C., and Hart & Moss, of York, S. C., for respondents.

WYCHE, District Judge.

This is a suit in equity brought by the petitioners to enjoin certain cities and towns in the Western District of South Carolina, from enforcing as against them certain ordinances levying a license tax on trucks delivering goods, wares, merchandise, and produce within the limits of said cities and towns and prohibiting their operation within such limits without prior payment of the license tax so assessed. The relief sought is based upon the claim by petitioners that as applied to them the ordinances violate the Commerce Clause of the Federal Constitution (article 1, § 8, cl. 3) and the equal protection clause contained in the Fourteenth Amendment thereof. Respondents assert that there is no federal or equity jurisdiction, and insist that the ordinances are valid and not in violation of any constitutional inhibitions; that the ordinances are reasonable regulatory measures requiring contribution of the amount fixed therein, and were enacted for the purpose of requiring petitioners and others in a like class to pay for the use of improved streets, and that the license was levied for the purpose of imposing upon them as users of the streets their proper prorata share of the costs of the establishment and maintenance of the same.

The facts involved have been stipulated and such as are necessary for this opinion are taken from the stipulation as follows:

The Southern Fruit Company, Inc., was chartered under the laws of the state of North Carolina, with its principal place of business in Charlotte, N. C. It maintains no place or places of business, or warehouse or warehouses in the state of South Carolina. The company has invested the sum of $150,000 in its business, of which sum $20,000 has been invested in trucks for delivery of goods and merchandise to customers in certain cities and towns in South Carolina. It is required to pay to the South Carolina highway department from thirty to sixty dollars for a license for the operation of said trucks for the years 1936 and 1937. This petitioner has been selling its goods and merchandise to its customers in York, Clover, Rock Hill, Heath Springs, Lancaster, and other cities and towns in South Carolina during the past twenty years and has built up a substantial business with customers in this state. All deliveries of goods to customers in said cities and towns are made pursuant to and in fulfillment of orders previously given to the company's salesmen by its customers, and forwarded to the company's place of business in Charlotte, N. C. No goods are sold directly from the trucks. During the calendar year 1936, the Southern Fruit Company, Inc., sold

the following amounts of goods to its customers in South Carolina, and that said sales for the year 1937 will equal or exceed the sales for the year 1936:

| | | | | | |
|---|---|---|---|---|---|
| Heath Springs, | S. C., gross sales, | $31,420.67, | gross profit | $3,142.07 |
| Rock Hill, | S. C., gross sales, | 52,800.00, | gross profit | 5,280.00 |
| Lancaster, | S. C., gross sales, | 47,076.62, | gross profit | 4,707.66 |
| Clover, | S. C., gross sales, | 32,405.00, | gross profit | 3,245.00 |
| York, | S. C., gross sales, | 41,974.62, | gross·profit | 4,198.00 |

This petitioner has previously been notified that unless a license tax has been paid to the above-named cities and towns its drivers will be subject to arrest and fine or imprisonment for each delivery made without a license. It is agreed that the payment of license in each city and town in which this company does business of delivering its goods in South Carolina is a burden on said company.

The stipulation further shows that the investment of the several petitioners in trucks used to deliver goods and merchandise to customers in South Carolina is an investment in trucks used to deliver said merchandise in some ten or twelve cities and towns in South Carolina, and that no petitioner has an investment exceeding $2,900 in delivery equipment used exclusively to deliver goods and merchandise in any one city or town in South Carolina.

The stipulation of facts as to the other petitioners is substantially the same, except as to the remaining petitioners the amount of gross sales and gross profits is less than those of the Southern Fruit Company, Inc.

It is agreed that thousands of dollars had been expended by the several respondents at the time of the adoption of the ordinances complained of in the establishment, maintenance, repair, and upkeep of hard-surfaced streets, gutters, and curbs within the said cities and towns; and many thousands of dollars have been expended since the passage of the ordinances and much money is still being expended upon the establishment, maintenance, repair, and upkeep of said streets.

The provisions of the several ordinances are not exactly the same. The Rock Hill ordinance provides substantially that any person, firm, or corporation operating any truck or other vehicle, and using the streets of Rock Hill for the purpose of delivery and/or reception of freight, goods, wares, and merchandise for transportation upon and over the streets of Rock Hill, and conducting such business from town to town,

and upon fixed dates or approximately fixed dates, and whether the operation of such trucks or other vehicles be for hire, or for the transportation and delivery of goods, wares, and merchandise belonging to the owner of such truck or other vehicle, are hereby declared to be engaged in business within the city of Rock Hill, and are constituted a class within themselves. This ordinance makes it unlawful for any person, firm, or corporation to engage in such business, or to operate in, over, and upon the streets and highways of the city of Rock Hill, any truck, or other vehicle in delivery of freight, goods, wares, and merchandise in the city of Rock Hill in the manner as above provided, without first obtaining from the city treasurer of said city a license to do business, for which license such person, firm, or corporation shall pay to the city treasurer certain sums graduated according to the tonnage of the trucks, and upon the payment of said sum or sums such person, firm, or corporation shall be licensed to do business for a period of one year, and said license shall not be transferable. The third section provides punishment for the violation of the ordinance not to exceed a fine of $100, or imprisonment for more than thirty days.

The ordinance passed by the city of Lancaster provides: "That the following licenses shall be paid in advance on or for the following vocations, business or privileges, as below specified and hereinafter mentioned, and it shall be unlawful for any of the following business or vocations or to exercise any of the following privileges within the corporate limits of the said Town of Lancaster, without first paying the license hereinafter stated for said calling or business; * * * The following are the rates fixed for the several vocations, business and privileges below specified: * * * Trucks from within or without the corporate limits of the Town, delivering goods, ware, merchandise and produce within the Town, each per year.. 50.00." The ordinance makes provision for the issuance of license upon the payment of the sums fixed therein and for punishment by fine or imprisonment for carrying on such business, calling, or voca-

tion without paying and obtaining license, as provided in the ordinance.

The provisions of the ordinances and the amounts required to be paid for the licenses of Clover and York are not sufficiently dissimilar from the provisions of the foregoing ordinances to require a full statement thereof.

## (a) Federal Jurisdiction

Diversity of citizenship is admitted, and the case arises under the Constitution of the United States. The bill seeks an injunction to protect the rights of petitioners to engage in interstate commerce without unlawful interference. Respondents contend, nevertheless, that the amount in dispute is less than $3,000, and for this reason there is no federal jurisdiction. Where a statute or ordinance merely seeks to impose a tax and nothing more, the only thing involved is the amount of the tax, and in such a case federal jurisdiction is tested by the amount of such tax; but where the statute or ordinance, in addition to the imposition of the tax, forbids the carrying on of the business without the payment of the tax, and the issuance of the license, the right to do business without unlawful interference is the subject of the controversy and in such case the jurisdictional amount is tested not by the amount of the tax, but by the value of the business to be protected, and the wrong to the property rights which petitioner seeks to have recognized and enforced. In this case the cities and towns have not only assessed a tax but have prohibited the operation of the trucks without the payment of the license, and have threatened to harass petitioners by prosecution of their truck drivers for each delivery made within the limits of such cities and towns. The value of the business and the property rights sought to be protected is in excess of $3,-000. The amount involved, therefore, is sufficient to give this court jurisdiction. Nutt v. Ellerbe et al. (D.C.) 56 F.(2d) 1058, 1062; Station WBT, Inc. v. Poulnot, Sheriff et al. (D.C.) 46 F.(2d) 671; Hunt v. New York Cotton Exchange, 205 U.S. 322, 27 S.Ct. 529, 51 L.Ed. 821; Bitterman v. L. & N. R. Co., 207 U.S. 205, 28 S.Ct. 91, 52 L.Ed. 171, 12 Ann.Cas. 693; Berryman v. Whitman College, 222 U.S. 334, 32 S.Ct. 147, 56 L.Ed. 225; Glenwood Light, Heat & Power Co. v. Mutual, etc., Co., 239 U.S. 121, 36 S.Ct. 30, 60 L.Ed. 174; Western & A. R. Co. v. R. Comm. of Ga., 261 U.S. 264, 43 S.Ct. 252, 67 L.Ed. 645; Packard v. Banton, 264 U.S. 140, 44 S.Ct. 257, 68 L.Ed. 596; Cf. Scott v. Donald, 165 U.S. 107, 17 S.Ct. 262, 41 L.Ed. 648.

## (b) Equity Jurisdiction

Respondents, however, insist that petitioners have a complete and adequate remedy at law, and, therefore, cannot invoke the jurisdiction of the court of equity, and ask that the petition be dismissed on this ground. This contention is based on section 2846, Code of Laws of South Carolina 1932, which provides a procedure whereby certain taxes may be paid under protest and an action at law brought for the recovery of the same. In the case of Nutt v. Ellerbe, supra, this question was determined adversely to respondents'. contention. In that case the court said: "The acts under consideration make no provision whereby the plaintiff may pay the tax and recover it. No statute has been called to our attention which provides a remedy at law for the plaintiff, and we are aware of none. The Supreme Court of South Carolina has held that taxes cannot be recovered in the absence of a statute specifically providing therefor. City of Columbia v. Peurifoy, 148 S.C. 349, 353, 146 S.E. 93. Counsel for defendants suggests that suit may be brought under certain general provisions, namely, sections 511 and 512 of the Code of South Carolina of 1922, vol. 3. But these sections, by their very terms, apply only to general property taxes charged upon the books of the various county treasurers of the state and have no application whatever to taxes assessed by other taxing bodies, and the Supreme Court of South Carolina has so held. City of Columbia v. Peurifoy, 148 S.C. 349, 353, 354, 146 S.E. 93; Monarch Mills v. South Carolina Tax Comm., 149 S.C. 219, 146 S.E. 870. * * *

"But there is another reason why the remedy provided by sections 511 and 512 of the Code of 1922 is inadequate. Those sections provide merely for the recovery of the amount of the tax, and no interest. Whatever may be said as to those views which were entertained in remote times respecting interest, considering such exactions in all cases usurious or illegal, if not positively sinful, yet in modern times such archaic notions have long since been abandoned. Money is now a proper subject of hire, and the habits and customs of the

people and modern law all concur in recognizing that interest is a proper means of compensaton for the use of money lent or wrongfully detained. A remedy which does not provide for a reasonable amount of interest is not a complete or adequate remedy. Southern Ry. Co. v. Query (D.C.) 21 F.(2d) 333, 342."

By reason of the foregoing decision from this Circuit, I must conclude that the South Carolina statute does not afford a complete and adequate remedy at law, and that equity jurisdiction has been duly established in this case.

### (c) On the Merits

As to the main issue, the Supreme Court, in the case of Sprout v. South Bend, 277 U.S. 163, 48 S.Ct. 502, 504, 72 L.Ed. 833, 62 A.L.R. 45, said: "It is true that, in the absence of federal legislation covering the subject, the state may impose, even upon vehicles using the highways exclusively in interstate commerce, nondiscriminatory regulations for the purpose of insuring the public safety and convenience; that licensing or registration of busses is a measure appropriate to that end; and that a license fee no larger in amount than is reasonably required to defray the expense of administering the regulations may be demanded. * * * These powers may also be exercised by a city if authorized to do so by appropriate legislation."

But an examination of the ordinances here does not disclose any regulations in connection with the assessment of the tax for the purpose of insuring the public safety and convenience, or that any part of the proceeds of the tax is to be used to defray the expense of administering any regulations to that end. It necessarily follows, therefore, that the ordinances cannot be sustained as police measures. Sprout v. South Bend, supra; Atlantic & Pacific Telegraph Co. v. Philadelphia, 190 U.S. 160, 164, 23 S.Ct. 817, 47 L. Ed. 995; Postal-Telegraph Co. v. New Hope, 192 U.S. 55, 24 S.Ct. 204, 48 L.Ed. 338; Barrett, President of Adams Express Co. v. New York. 232 U.S. 14, 32, 34 S.Ct. 203, 58 L.Ed. 483. Compare D. E. Foote & Co. v. Stanley, 232 U.S. 494, 503, 34 S.Ct. 377, 58 L.Ed. 698.

The Supreme Court further held in that case, "That a State may impose, even on motor vehicles engaged exclusively in interstate commerce, a reasonable charge as their fair contribution to the cost of constructing and maintaining the public highways. * * * And this power also may be delegated in part to a municipality by appropriate legislation. * * * An exaction for that purpose may be included in a license fee." The mere fact that the tax is assessed upon one who uses the streets, however, is not enough to give it presumptive validity. It must appear affirmatively from the provisions of the ordinance that the tax is levied only as compensation for the use of the streets, or to defray the expenses of regulating motor traffic thereon. It may not be assumed that it was levied for that purpose. Interstate Transit v. Lindsey, 283 U.S. 183, 51 S. Ct. 380, 75 L.Ed. 953.

In this cause it appears that the tax is levied upon persons engaged in the business of operating trucks from within or without the corporate limits of the town and using the streets for the purpose of delivering goods, wares, merchandise, and produce within the town. There is no hint in the provisions of the ordinances that the proceeds of the license fees are in any part to be applied to the construction or maintenance of the city streets, or that the tax was levied for any such purpose. It must be determined, therefore, that the ordinances cannot be sustained as a tax for a contribution to the cost of the construction and maintenance of the city streets. Furthermore, I know of no statute in South Carolina, and none has been called to my attention, delegating to municipalities located therein, the power to tax motor vehicles for the use of streets within the corporate limits of such municipalities, and without such delegation of power the municipality has no authority to levy a tax for the use of its streets.

In the same case of Sprout v. South Bend, supra, the Supreme Court also decided that: "A state may, by appropriate legislation, require payment of an occupation tax from one engaged in both intrastate and interstate commerce. * * * And it may delegate a part of that power to a municipality. * * * But in order that the fee or tax shall be valid, it must appear that it is imposed solely on account of the intrastate business; that the amount exacted is not increased because of the interstate business done; that one engaged exclusively in interstate commerce would not be subject to the imposition; and that the person taxed could discontinue the intra-

state business without withdrawing also from the interstate business."

The parties in this litigation have stipulated that petitioners are engaged in interstate commerce. There is no stipulation of fact in the record to show that they are in any manner engaged in intrastate commerce. Such being the case, it must be decided that the tax cannot be sustained as an occupation tax.

In conclusion, I may add that it is my opinion, and I so find, that the tax is in effect a tax upon the business of delivering goods, wares, and merchandise by truck, and, as to the petitioners here, the ordinances are invalid because they tax interstate commerce.

This opinion will stand as the findings of fact and conclusions of law in this cause under Equity Rule 70½ (28 U.S. C.A. following section 723); Society of European Stage Authors and Composers, Inc. v. New York Hotel Statler Co., Inc. (D.C.) 19 F.Supp. 1; Hazeltine Corporation v. Radio Corporation (D.C.) 52 F.(2d) 504, 512; Lewys v. O'Neill (D.C.) 49 F. (2d) 603, 618; Briggs v. United States, 45 F.(2d) 479 (C.C.A.6); Stelos Company v. Hosiery Motor-Mend Corporation (D.C.) 60 F.(2d) 1009, 1013; Id., 72 F.(2d) 405 (C.C.A.2); Id., 295 U.S. 237, 55 S.Ct. 746, 79 L.Ed. 1414. Cf. also The El Sol (D.C.) 45 F.(2d) 852, 856, 857; Southern Pac. Co., v. U. S., 72 F.(2d) 212 (C.C.A.2). An order so providing must be included in the final decree for the petitioners, which will give them the injunction sought in this suit.

On Petition to Review Decree.

This matter comes before me on petition of respondents to review the decree filed in the above-entitled cause and to reverse and set aside the same, and to dismiss the suit on the ground that this court was in error in finding that the amount in dispute was in excess of three thousand dollars.

In reaching the conclusion that the federal jurisdictional amount was involved in the suit, I relied upon the opinion in the case of Nutt v. Ellerbe, D.C., 56 F.2d 1058, and the cases cited in that opinion as sustaining authorities. My attention is now directed to the later cases of Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248, and Lucas v. Charlotte, 4 Cir., 86 F.2d 394, 109 A.L.R. 297, neither of which decisions was called to my attention by counsel for either party, and both of which were overlooked by me in preparing the opinion

in the case. The Healy Case in effect overrules the case of Nutt v. Ellerbe, supra, and distinguishes most of the Supreme Court decisions cited therein, and declares that in suits to enjoin the collection of a tax payable annually, the sum due or demanded, is the matter in controversy, and the amount of the tax, not its capitalized value, is the measure of the jurisdictional amount. To the same effect is the Lucas Case. Since the amount of tax involved in the suit is less than the jurisdictional amount, the motion of Respondents must be granted.

It is therefore ordered, adjudged, and decreed that the decree heretofore filed in the above cause be and the same is hereby reversed and set aside, and that the complaint in the above-entitled suit be and the same is hereby dismissed.