**MINOR v. CITY OF KEOKUK, IOWA, et al.**

**Civ. No. 1–18.**

United States District Court
S. D. Iowa, E. D.

Aug. 15, 1950.

G. L. Norman, Keokuk, Iowa, and Herbig Younge, Peoria, Ill., for plaintiff.

E. J. McManus, Keokuk, Iowa, for defendants.

SWITZER, District Judge.

Since issuance of the preliminary injunction herein defendants have filed consolidated motions in four divisions: (1) motion to dismiss plaintiff's complaint; (2) motion to strike from the complaint several paragraphs thereof; (3) motion to make more definite certain portions of the complaint; and (4) motion to dissolve the preliminary injunction.

This matter was first brought on before the court when it was in the midst of the spring jury trials and counsel will recall that the preliminary hearing was held during a recess. Naturally, under pressure of such a situation, the court on reflection is aware of many minor shortcomings in the proceedings and in its opinion. In spite of the thorough and very able analysis made by defendants' city attorney of the whole case, including many claimed errors made in the proceedings and judgment, the court is convinced as to the correctness of its former holding. It will restate its reasons and position here.

Defendants main contentions are—(1) that $3,000 is not involved; and (2) that general equity jurisdiction is wanting to issue an injunction here. Secondary contentions are contained in the motions to strike and to make more definite.

No question of the constitutionality of the Keokuk Milk Ordinance, under which the controversy arose, is involved. The issue largely is as to whether the defendants are not enforcing that ordinance in an illegal and unconstitutional manner.

■ As to jurisdictional amount, the proof was sufficient to warrant a finding that more than $3,000 was involved. The citations of the plaintiff on this subject at the time, especially Western & A. R. R. v. Railroad Commission of Georgia, 261 U.S. 264, 43 S.Ct. 252, 67 L.Ed. 645, were considered by the court as authority for entertaining jurisdiction on this ground. Reference was made to Hanson v. Triangle Publications, 8 Cir., 163 F.2d 74, p. 79, for purposes of analogy, but it should be disregarded as not sufficiently apt. See Campbell Baking Co. v. City of Maryville, D.C., 31 F.2d 466.

■ Furthermore, the value of the property right to be protected by an injunction may be considered as a basis for determination of jurisdictional amount. The rule thereon is well stated in Nutt v. Ellerbe, D.C., 56 F.2d 1058, 1061, as follows: "The rule is that the jurisdictional amount is to be tested by the value of the object to be gained by the plaintiff. * * * In such case, the jurisdictional amount is not to be tested by the mere immediate pecuniary damage resulting from the acts complained of, but by the value of the business to be protected and the wrong to the property rights which the plaintiff seeks to have recognized and enforced." See Packard v. Banton, 264 U.S. 140, 44 S.Ct. 257, 68 L.Ed. 596; City of Hutchinson v. Beckham, 8 Cir., 118 F. 399.

■ In his latest brief plaintiff contends that jurisdiction in the instant case may also be founded on Section 1343(3), Title 28 U.S.C.A., more commonly known as the "Civil Rights Act of 1871," which confers jurisdiction without proof of pecuniary valuation, if the suit is one to enjoin the deprivation of rights or immunities of personal liberty secured by the Constitution. Hague v. C. I. O., 307 U.S. 496, 525, 59 S.Ct. 954, 83 L.Ed. 1423. Adverting to this argument here, the court cannot concede to this point of view, as this suit is definitely not one cognizable under the historic "civil rights" doctrine, but is dependent for its maintenance in this court upon a claimed infringement of property rights of the plaintiff, thus requiring proof of the statutory amount as required under Sec. 1331, Title 28 U.S.C.A., which proof has been preliminarily considered adequate herebefore.

■ The most severe criticism made by the defendants pertains to the claimed deficiency in this court of general equity jurisdiction to issue the injunction. Granted that statutory jurisdiction here is established by (1) diversity of citizenship of the parties, (2) that the action "arises under the Constitution," and (3) that the matter in controversy exceeds the sum of $3,000, there still remains the transcending inquiry,—does the court possess the general equity power to issue an injunction in the premises here? From the nature of the action, the rights involved and the facts that transpired, I cannot see an escape from the conclusion that irreparable injury has been inflicted upon the plaintiff and that it is the compelling duty of the court in the interest of substantial justice to grant the preliminary injunction. 28 American Jurisprudence pages 204–207, incl.

The present Keokuk Milk Ordinance provides:

"Sec. 391. Points Beyond the Limits. Milk and milk products from points beyond the limits of routine inspection of this City may not be sold in the City of Keokuk, or its police jurisdiction, unless produced or pasteurized under provisions equivalent to the requirements of this Chapter."

"Sec. 385. Inspections, Grading or Regrading. * * * In case of an inspection to be made in the State of Iowa more than 25 miles from the City of Keokuk, or in any other State more than ten miles from the City of Keokuk, then the producer inspected shall pay a reasonable inspection fee and mileage. * * *"

The bill of complaint and the proof adduced at the preliminary hearing disclosed that plaintiff was operating as a milk distributor of the products of J. D. Rozell Company of Peoria, Illinois, a subsidiary of the National Dairy Products Corporation. By recognized standards and tests promulgated by the United States Public Health Service supervision of the pasteurization and distribution of milk in Peoria, Illinois, is under conditions, regulations and

provisions equivalent in the strictest sense to those requirements of the Keokuk Milk Ordinance. To say otherwise is frivolous argument. Equivalence having been established in this respect the bases of defendants' grounds for denying plaintiff a permit to sell his milk in Keokuk become insubstantial, unless as defendants assert: " * * * it is obvious that no milk offered for sale in the City of Keokuk is equivalent unless it has been subjected to herd and dairy inspection by the local inspector."

On this defense, the court cannot give approval to the exercise of a police power which operates absolutely to exclude plaintiff's product, a legitimate article of trade, from interstate commerce. The impact upon this plaintiff in the denial of his constitutional rights in this respect is as great in the eyes of the court as if an interstate railroad were involved.

As was most ably said by Judge Chestnut in Miller v. Williams, D.C., 12 F.Supp. 236, regulatory restrictions may be imposed by the milk commissioner of Keokuk, but such restrictions must be reasonable and, in their enforcement, must have for their proper purpose, safeguards as to quality of the product within the province of the defendants' governmental as distinguished from their proprietorial function.

The limitations upon the equity jurisdiction of the federal courts are not so totally circumscribed by policy as to compel a closed door attitude in every instance where a state or municipality is involved. This policy of abstention on the part of the federal courts to refrain from granting injunctions in such special instances is most strongly worded in Railroad Commission of Texas v. Pullman Company, 312 U.S. 496, 500, 61 S.Ct. 643, 85 L.Ed. 971. I do not think however that the reach of this policy is entirely applicable here, but rather the expressions of the Supreme Court in such cases as Reagan v. Farmers' Loan & Trust Company, 154 U.S. 362, at page 390, 14 S.Ct. 1047, at page 1051, 38 L.Ed. 1014,

where the court said: "Neither will the constitutionality of the statute, if that be conceded, avail to oust the federal court of jurisdiction. A valid law may be wrongfully administered by officers of the state, and so as to make such administration an illegal burden and exaction upon the individual."

And as stated in Dobbins v. City of Los Angeles, 195 U.S. 223, at page 236, 25 S.Ct. 18, at page 20, 49 L.Ed. 169: "But notwithstanding this general rule of the law, it is now thoroughly well settled by decisions of this court that municipal by-laws and ordinances, and even legislative enactments undertaking to regulate useful business enterprises, are subject to investigation in the courts with a view to determining whether the law or ordinance is a lawful exercise of the police power, or whether, under the guise of enforcing police regulations, there has been an unwarranted and arbitrary interference with the constitutional rights to carry on a lawful business". ·

And in Terrace v. Thompson, 263 U.S. 197, at page 214, 44 S.Ct. 15, at page 17, 68 L.Ed. 255: "Equity jurisdiction will be exercised to enjoin the threatened enforcement of a state law which contravenes the federal Constitution wherever it is essential in order effectually to protect property rights and the rights of persons against injuries otherwise irremediable; and in such a case a person, who is an officer of the state is clothed with the duty of enforcing its laws and who threatens and is about to commence proceedings, either civil or criminal, to enforce such a law against parties affected, may be enjoined from such action by a Federal court of equity."

And in the famous case of Truax v. Raich, 239 U.S. 33, 36 S.Ct. 7, 60 L.Ed. 131, L.R.A.1916D, 545, Ann.Cas.1917B, 283, it was held that a federal court of equity has equitable jurisdiction to restrain the criminal prosecution of an employer of the complainant under the Arizona Anti-Alien Labor Law at the instance of an alien who alleged that the enforcement of the law would result in his immediate discharge from employment. The principle which governed

the Truax case was recently cited with approval in Hynes v. Grimes Packing Co., 337 U.S. 86, 69 S.Ct. 968, 93 L.Ed. 1231.

In Parker v. Brown, 317 U.S. 341, 63 S.Ct. 307, 313, 87 L.Ed. 315, the district court held that the 1940 California raisin marketing program was an illegal interference with and an undue burden upon interstate commerce and granted the injunction prayed for. The Supreme Court held the act valid but approved the court's equitable jurisdiction by saying: "The majority of the Court is also of opinion that the suit is within the equity jurisdiction of the court since the complaint alleges and the evidence shows threatened irreparable injury to respondent's business and threatened prosecutions by reason of his having marketed his crop under the protection of the district court's decree."

These latter expressions to my mind are controlling they not only support the action taken by the court here, but compel it.

■ It follows that the court having resolved the motion to dismiss and the motion to dissolve against the defendants, that the defendants' motion to strike certain paragraphs of the complaint should likewise be overruled. The paragraphs of the complaint which this motion attacks are necessarily pleaded to support this court's holding with reference to the propriety of its issuance of a preliminary injunction. Niceties of pleading must yield under the Federal Rules of Civil Procedure, 28 U.S. C.A., to the rule requiring their construction so as to do substantial justice.

Likewise the motion to make more definite certain portions of the complaint must be overruled, except as to paragraph 4 thereof.

Paragraph 1 of the motion to make more definite seeks to require the pleading of evidence—the ultimate fact having already been pleaded in paragraph 6 of the complaint.

Paragraph 2 of said motion seeks to require the pleading of irrelevant and immaterial matter. Whether the supplier of milk to the plaintiff has or has not procured an Iowa license to do business in the State seems clearly immaterial, since neither of these corporations seek a permit to do business in the State by this suit. Furthermore, the complaint alleges compliance by said corporations with the Illinois and Iowa statutes.

Paragraph 3 of the motion seeks to set out matter which is clearly redundant, irrelevant and immaterial.

Paragraph 4 of said motion, as stated, is sustained.

To make the attitude of the court clear on this ruling, let it be emphasized here that, while the plaintiff is entitled to the injunction, he must otherwise comply with all reasonable requirements and provisions of the Keokuk Milk Ordinance in question.

As an afterthought, the court wishes to say that it has read and studied the recent opinion in City of Miami v. Sutton, 5 Cir., 181 F.2d 644.

The Clerk will enter the following order:

This matter came on for hearing before the court at Des Moines, Iowa, on the consolidated motions of the defendants in four divisions (1) motion to dismiss plaintiff's complaint; (2) motion to strike from the complaint several paragraphs thereof; (3) motion to make more definite certain portions of the complaint; and (4) motion to dissolve the preliminary injunction herein granted on May 18, 1950. Argument was had both orally and by exhaustive briefs, and the court being advised;

It is hereby ordered that the consolidated motions of the defendants above referred to be, and the same are, in all respects, overruled, except as to paragraph 4 of the motion to make more definite certain portions of the complaint, which is hereby sustained; and the order of this court of May 18, 1950, granting an injunction herein is accordingly confirmed.

It is further ordered that the bond heretofore required of the plaintiff be increased to the sum of $10,000 pending the final decision of this cause on its merits.

Both parties except. Plaintiff is given 15 days to comply.