## INTERSTATE RECLAMATION BUREAU v. ROGERS et al.

### Civ. A. 6373.

United States District Court
S. D. Texas, Houston Division.

Feb. 18, 1952.

Musick & Peters Ted Musick, of Houston, Tex., for plaintiff.

William S. Tyson, Solicitor, Washington, D. C., Earl Street, Regional Atty., T. Hagan Allin, Dallas, Tex., for defendants.

KENNERLY, Chief-Judge.

By Amended Complaint, filed November 23, 1951, plaintiff, Interstate Reclamation Bureau, a partnership composed of three persons, all citizens of Texas, sues William J. Rogers, in the employ of the United States Government as Regional Director in charge of the enforcement of the Fair Labor Standards Act of 1938, Sections 201 et seq., Title 29 U.S.C.A., and John A. Lakeman, Jr., Investigator, and T. J. Rauch, Field Supervisor for the Enforcement of such Act, all citizens of Texas. Jurisdiction is claimed under Section 1331, Title 28, Code of Judiciary and Judicial Procedure, in that plaintiffs say that the matter in controversy exceeds the sum or value of $3000 and arises under the Constitution, Laws, or Treaties of the United States.

Plaintiffs allege that their business does not come within the coverage of the Fair

Labor Standards Act of 1938, but that defendants are claiming that it does, and are so ruling, and are requiring plaintiffs to comply therewith. Plaintiffs also allege that defendants have investigated and inspected their books and records. That such investigation and inspection, their frequent visits to plaintiffs' office, and their interviews with plaintiffs and plaintiffs' employees have been disturbing and caused loss to plaintiffs both in time and money, and have caused their employees to become dissatisfied and the relations between plaintiffs and their employees to become strained. Plaintiffs allege that unless enjoined, defendants will continue such conduct, thereby continuing to cause loss of time and money and disturbance of their relations with their employees, etc.

Convinced that the case should be tried on its merits, the Motions of defendants to dismiss have been denied, with the right of defendants to bring forward at the trial on the merits the same questions of Law raised by such Motions. This is a trial of the case upon the merits.

The facts show that on or about September 19 and 20, 1951, the defendant John A. Lakeman, Jr., purporting to proceed under such Act, Section 211, Title 29 U.S. C.A., examined the books and records of plaintiffs at their place of business in Houston, Texas, interviewed plaintiffs and their employees, or some of them, and advised plaintiffs that in his judgment they came within the coverage of such Act. Plaintiffs say that Lakeman ordered them to comply with such Act, but Lakeman says that he did not give an order, but only advised them that in his judgment they came within the coverage of such Act. It was stipulated at the trial that if Lakeman did order plaintiffs to comply with such Act, defendants do not purpose to enforce such order.

Lakeman also advised plaintiffs that in his opinion the wages of plaintiffs' employees should be raised in compliance with such Act, and advised such employees, or some of them, that they were entitled to more pay under such Act. Lakeman furnished plaintiffs with a written summary of unpaid wages which he thought to be owing under such Act, setting forth the names of a number of plaintiffs' employees and former employees and the amount which Lakeman claimed was owing to them by plaintiffs. This is in evidence.[1]

Soon after the visit of Lakeman, plaintiffs paid their employees two weeks' back pay in accordance with such summary, fixed a scale of wages, and raised their employees' wages to a minimum of 75¢ per hour and later to a maximum of $1.07 per hour, depending upon the classification of such employees. Such scale of wages and classification were in force at the time of the trial. On September 20, 1951, plaintiffs wrote defendants, advising of such increase in wages to their employees.[2]

Other than the visit of Lakeman to plaintiffs' place of business, and his interview with plaintiffs and their employees, and perhaps a few conversations between one or more of plaintiffs and one or more

1. Such summary reads as follows:
   "Summary of unpaid wages under the Fair Labor Standards Act as amended and the Walsh-Healey Public Contracts Act [41 U.S.C.A. §§ 35–45].
   Establishment: Interstate Reclamation Bureau. Sheet No. 1.
   Address: 1209 Crawford, Houston, Texas. Date: Sept. 19, 1951.
   "Below are listed the employees and former employees of the above establishment and the amounts due them as unpaid wages under the provisions of the Fair Labor Standards Act as amended and the Walsh-Healey Public Contracts Act.
   "Amounts listed in column (f) are gross amounts. Applicable legal deductions have not been made.

"(Here follow the names of numerous employees and former employees and the amounts claimed to be owing to them)."

2. Such letter is as follows:
   "September 20, 1951.
   "Mr. John A. Lakeman, Jr.
   c/o U. S. Dept. of Labor.
   Mr. John A. Lakeman, Jr.
   "We have selected to pay all employees due any back wages on the weekly plan.
   "First payment will be given to each employee starting Friday Sept. 22, 1951 and be completed ninety days from date.
   "Yours truly,
   (s) G. A. Glunt."

of defendants over the telephone, defendants have had no further contact with plaintiffs or their employees, except that there were some interviews between defendants and some of plaintiffs' employees in preparation for this trial. There is no evidence that defendants have at any time exceeded the authority given them by and under such Act.

Plaintiffs were disturbed in the conduct of their business and in their relations with their employees, and there was some dissatisfaction among their employees due to the visit of Lakeman, his examination of their books, etc., and his attitude and claim with respect to plaintiffs' business being within the coverage of the Act, but no more than would normally arise in any business by such an investigation by the Administrator or his representative.

■ 1:—The question of the jurisdiction of this court is presented. Unquestionably the matter in controversy arises under the Laws of the United States, but there is no direct evidence as to the value of the matter in controversy. In view, however, of the fact that according to the summary made up by Lakeman, plaintiffs owed their employees more than $2800 back pay, and in view of the increase in the wages of plaintiffs' employees, present and future,

if plaintiffs are covered by such Act, it seems clear and I find that the amount in controversy is more than $3000, and the court has jurisdiction. See Packard v. Banton, 264 U.S. 140, 44 S.Ct. 257, 68 L.Ed. 596. Minersville School District v. Gobitis, 310 U.S. 586, 60 S.Ct. 1010, 84 L.Ed. 1375.

2:—During the trial, plaintiffs stated that they abandoned their effort to have this court decide whether they came within the coverage of such Act, and defendants' Motion to Dismiss that particular matter or issue is granted. I do not decide whether plaintiffs' business is or is not within the coverage of such Act.

■■ 3:—This left in the case only the question of whether defendants as Agents of the Government were, in what they did, acting or purporting to act individually or officially,[3] and if the former whether or not under the facts here plaintiffs are entitled to injunction as prayed for.

Under the facts here and the rule laid down in Larson v. Domestic & Foreign Corporation, 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628, it is perfectly plain that defendants did not in any way exceed their authority under the Act.[4] Further, that they were not acting individually, but as Agents of the Government, and that this is

3. The question was whether their action came within the line of cases represented by Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95, Neher v. Harwood, 9 Cir., 128 F.2d 846, 158 A.L.R. 1116, Yarnell v. Hillsborough, 5 Cir., 70 F.2d 435, Ryan v. Amazon, 5 Cir., 71 F. 2d 1, and Rood v. Goodman, 5 Cir., 83 F.2d 28, or the line of cases represented by Holloway Gravel Co. v. McComb, 5 Cir., 174 F.2d 421 certiorari denied, 338 U.S. 823, Janes v. Lakes Wales Citrus Growers Ass'n, 110 F.2d 655, Larson v. Domestic & Foreign Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628; Oklahoma Press Publishing Co. v. Walling, 327 U. S. 186, 66 S.Ct. 494, 90 L.Ed. 614, and Payne v. Fite, 5 Cir., 184 F.2d 977.

4. The right to make investigations and inspections is clearly conferred upon defendants by Section 211, Title 29 U.S.C. A., a portion of which is as follows:

"The Administrator or his designated representatives may investigate and gather data regarding the wages, hours, and other conditions and practices of employment in any industry subject to sections 201–219 of this title, and may enter and inspect such places and such records (and make such transcriptions thereof), question such employees, and investigate such facts, conditions, practices, or matters as he may deem necessary or appropriate to determine whether any person has violated any provision of sections 201–219 of this title, or which may aid in the enforcement of the provisions of sections 201–219 of this title. Except as provided in section 212 of this title and in subsection (b) of this section, the Administrator shall utilize the bureaus and divisions of the Department of Labor for all the investigations and inspections necessary under this section. Except as provided in section 212 of this title, the Administrator shall bring all actions under section 217 of this title to restrain violations of sections 201–219 of this title."

208

really a suit against the Government, and must fail.

It follows that Judgment should be rendered for defendants. Let decree be prepared and presented accordingly.