Honorable Roslyn O. Silver, Senior United States District Judge
Plaintiff Secretary of Labor ("Plaintiff") alleges Defendants Austin Electric Services LLC and Toby Thomas, Austin Electric's President, (collectively "Defendants") both failed to pay employees overtime compensation and failed to keep employee records, in violation of the Fair Labor Standards Act ("FLSA"). (Doc. 1). Discovery concluded on October 1, 2017. (Doc. 79).[1] Yet Plaintiff has continued interviewing Defendants' employees, both in person and over the phone, including employees who may not have been part of Plaintiff's original investigation. The parties now dispute whether Plaintiff may do so.
In short, Defendants argue Plaintiff's interviews are both "disruptive" and in violation of the Court's scheduling order, which specified discovery was to end on October 1, 2017. As such, Defendants request an order prohibiting Plaintiff from interviewing Defendants' employees, other than those informers Plaintiff previously interviewed. Against this, Plaintiff explains it is investigating Defendants' continuing FLSA violations and that its discussions with employees do not constitute discovery because Plaintiff is not deposing them nor "compelling them to divulge information using any of the tools afforded by the Federal Rules."
First, this Court cannot enjoin Plaintiff from acting within its authority under the FLSA. By enacting the FLSA, "Congress intended ... to achieve a uniform national policy of guaranteeing compensation for all work or employment engaged in by employees covered by the Act." Lerwill v. Inflight Motion Pictures, Inc. , 582 F.2d 507, 513 (9th Cir. 1978) (citation omitted). As the Secretary of Labor, Plaintiff's duty is to enforce the FLSA. In doing so, Plaintiff "may investigate and gather data regarding the wages, hours, and other conditions and practices of employment." 29 U.S.C. § 211(a). Indeed, Plaintiff is explicitly allowed to "question" employees. Id. And so long as Plaintiff is acting within its authority, this Court may not prohibit Plaintiff from interviewing employees, even if these interviews may cause disruption. See Interstate Reclamation Bureau v. Rogers , 103 F.Supp. 205, 207 (S.D. Tex. 1952) (holding that an employer may not obtain an injunction against labor-related investigations and inspections, on grounds that they disrupt the workforce, so long as the inspectors are acting within their authority under the FLSA).
Second, Plaintiff's interviews are not discovery. The purpose of discovery is to compel another to produce evidence necessary to evaluate and resolve the parties'
*907 dispute. See Moon v. SCP Pool Corp. , 232 F.R.D. 633, 635 (C.D.Cal. 2005) (citing Oakes v. Halvorsen Marine Ltd. , 179 F.R.D. 281, 283 (C.D.Cal. 1998) ). Discovery devices used to compel the production of evidence include depositions, interrogatories, requests for production, requests for inspection, requests for admission, and orders for physical and mental examinations. See Fed. R. Civ. P. 28 - 32 (depositions), 33 (interrogatories), 34 (requests for production and inspection), 35 (requests for physical and mental examinations), and 36 (requests for admission). Thus, if Plaintiff is not using these tools to compel employees to divulge information, Plaintiff is not engaging in discovery and is not in violation of this Court's scheduling order.
Separately, the Court must address the parties' failure to adhere to its orders regarding discovery disputes. The scheduling order states that, when a discovery dispute arises, the parties must submit a "joint statement of the issue(s), limited to 14 lines per issue for each party." Both parties attempt to circumvent this limitation by including in their discovery dispute a total of seven footnotes, representing an additional 36 lines of text. Going forward, the Court trusts the parties will comply with its orders.
Accordingly,
IT IS ORDERED Plaintiff may interview Defendants' employees in connection with its investigation of Defendants' employment practices.

The parties also agreed to reopen discovery for a period of 15 days within the 75-day period before trial, (id. ), however this has not yet commenced.