**Emma GARDNER, Appellant,**

v.

**William SWITZER, Appellee.**

Court of Appeals of Kentucky.

June 2, 1961.

Benjamin Mazin, Louis Brownstein, Louisville, for appellant.

Edward J. Hogan, Henry V. B. Denzer, Louisville, for appellee.

STEWART, Judge.

This is an appeal from a judgment on a directed verdict from the Jefferson Circuit Court. The suit arose from a collision between a car operated by the husband of Emma Gardner, appellant herein, and a car operated by William Switzer, appellee herein.

About 4:30 p. m. on January 6, 1958, appellee was driving his car north on New Cut Road, which is a two-lane street located within the city limits of Louisville; appellant on the occasion, with his wife as a passenger, was operating his car in the same direction immediately behind appellee. There is a ditch to the right of the street and there was oncoming traffic in the other lane. Appellee drove over a patch of ice some 50 feet in length and as wide as the pavement and stopped 30 feet north of this section of the road to pick up a passenger. His car was halted on the pavement; he did not pull over to the side. His lights were burning, although it was not dark.

Gardner was at least 35 or 40 feet south of the ice patch when he saw that appellee's car was halted. He applied his brakes, skidded on the ice, and collided with the back of appellee's car. Gardner testified he did not see the ice on the highway.

Both cars were damaged and appellant suffered a fractured knee cap, which necessitated two weeks' hospitalization, an operation, and several months' confinement to a wheel chair and a walker. Her complaint sought damages aggregating $22,000.

At the trial, appellant presented her case, which included her testimony, that of her husband, and a pre-trial deposition made by appellee. The court, on appellee's motion, then directed a verdict for appellee on the ground that there had been no negligence shown on the part of appellee.

Appellant argues that the accident was caused by appellee's act of suddenly stopping his car in his traffic lane; that his stopping was in violation of the statutes of Kentucky and of certain pertinent provisions of the Louisville City Ordinance Traffic Code; and that appellee's act was the sole and proximate cause of the accident.

New Cut Road is a major and through street of the city. Drivers are prohibited from stopping or parking a vehicle on the main-traveled portion of the street except in an emergency. However, appellee points out that a motorist is permitted, by Ordinance 18–1 of the Traffic Code, "To stop a vehicle no longer than is actually necessary to receive or discharge passengers." Since appellee was stopping to pick up a passenger, he argues that he was not violating the above ordinances and was not negligent.

KRS 93.050 grants unto a city of the first class the exclusive control of its public ways, including the control of their uses. Such control extends to the regulation of individual members of the public in their use of such public ways in traveling from one place to another, either as pedestrians or travelers in vehicles. See Maupin v. City of Louisville, 284 Ky. 195, 144 S.W.2d 237. Louisville is a city of the first class.

It follows that appellee's action in stopping on the road in question and for the purpose mentioned was permissible within the purview of Ordinance 18–1 of the Traffic Code of the city of Louisville. Therefore, it cannot be said that he committed an act of negligence in doing so.

For the reason shown, the lower court correctly sustained appellee's motion for a directed verdict.

Wherefore, the judgment is affirmed.