**YELLOW CAB OF RENO, INC.,
Plaintiff—Appellant,**

v.

**RENO CAB COMPANY, INC.,
Plaintiff—Appellant,**

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** The Honorable Frank R. Zapata, United States District Judge for the District of Arizona, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**Airport Authority of Washoe County; Krys Bart, Defendants— Appellees.**

No. 05–17371.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 9, 2007.[*]

Filed Nov. 14, 2007.

Ann Morgan, Esq., Brian Irvine, Esq., Jones Vargas, Reno, NV, for Defendants–Appellees.

Before: HALL and BYBEE, Circuit Judges, and ZAPATA [**], District Judge.

MEMORANDUM [***]

The facts and procedural posture of the case are known to the parties, and we do not repeat them here. Appellant Yellow Cab Company of Reno, Inc. ("Yellow Cab") appeals the district court's order granting summary judgment on its 42 U.S.C. § 1983 claims in favor of appellee-defendant Airport Authority of Washoe County, Nevada ("AAWC"). We review the district court's grant of summary judgment *de novo*. *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1313 (9th Cir.1989).

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] The Honorable Frank R. Zapata, United States District Judge for the District of Arizona, sitting by designation.

[***] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ Yellow Cab's first claim is that AAWC denied its permit application in retaliation for Yellow Cab's "speech" in violation of the First Amendment.[1] To state a claim for unlawful retaliation, the plaintiff must first show that the speech was " 'on a matter of public concern.' " *Weeks v. Bayer,* 246 F.3d 1231, 1234 (9th Cir.2001) (quoting *Connick v. Myers,* 461 U.S. 138, 145, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983)). Yellow Cab's speech concerned only its own financial difficulties, and sought a waiver from AAWC's insurance requirement for itself only. Yellow Cab has provided nothing beyond the bare assertion in its papers to support its claim that the speech was directed towards any broader public issues implicated by the insurance requirement. Moreover, because the record indisputably shows that AAWC would have denied Yellow Cab's permit for failure to provide proof of insurance regardless of any "speech" by Yellow Cab, there is no evidence of retaliation. *See Soranno's Gasco,* 874 F.2d at 1314 (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 283–84, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)).

■ Yellow Cab's second claim is that AAWC's insurance requirement discriminates against ground transportation companies that refuse to carry insurance, in violation of the Equal Protection Clause. It is axiomatic that a plaintiff challenging a government economic classification bears the burden to prove that such regulation is not rationally related to a legitimate government purpose. *New Orleans v. Dukes,*

427 U.S. 297, 303, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976) (per curiam); *Ry. Express Agency v. New York,* 336 U.S. 106, 109–10, 69 S.Ct. 463, 93 L.Ed. 533 (1949). A regulation requiring a public carrier to maintain an insurance policy to compensate injured customers survives rational basis review. *Packard v. Banton,* 264 U.S. 140, 144, 44 S.Ct. 257, 68 L.Ed. 596 (1924).

Yellow Cab's claims against the Executive Director in her "individual capacity" appear[2] to be derivative of its First Amendment and Equal Protection claims, and thus fail for the reasons stated above.

Accordingly, we **AFFIRM** the district court's order and dismissal.

---

1.  A § 1983 claim will lie where a government entity denies a company a business permit in retaliation for the exercise of First Amendment rights. *See Soranno's Gasco,* 874 F.2d at 1314. The court applies an analysis identical to that used when a government employee brings a § 1983 claim alleging retaliation for protected speech. *See id.*

2.  Appellant's briefing on this and other issues ranged from disorganized to incoherent. Moreover, we note that appellant's opening brief included a blank Table of Contents and an empty Table of Authorities and did not conform with FED. R.APP. P. 28(a) 2–3.

